ELIZABETH H. WHITAKER *vs.* JOHN GREER.

Suffolk. March 15. — Sept. 13, 1880. ENDICOTT & SOULE, JJ., absent

Under the Gen. Sts. *c.* 135, damages for the detention of dower cannot be recov
ered prior to the demand on which the action is founded.

WRIT OF DOWER, dated June 20, 1876. The demandant re-
covered judgment for her dower, and commissioners assigned her
dower out of the rents and profits; and their report was accepted
by the Superior Court. The case was then tried, on the ques-
tion of the assessment of damages for detention of dower, before
*Brigham,* C. J., who allowed a bill of exceptions in substance
as follows:

The demand on which the action was founded was made May
19, 1876. The demandant offered evidence tending to show that
a prior demand of dower was made on the tenant, who was then
and has ever since been the owner in fee and in possession of
the premises in question, on August 25, 1871; and contended
that damages should be allowed from the latter date. The
tenant objected to the admission of this evidence; and asked the
judge to rule that damages could be recovered in this action
only from the date of the demand in 1876. The judge declined
so to rule; ruled that the demandant was entitled to recover
damages from the date of the first demand of dower upon the
respondent; found that such demand was made on August 25,
1871, and that the demandant's damages for detention of dower
from that time to May 19, 1876, were $181.07, and from May 19,
1876, to the time of the finding, February 10, 1880, $130.24;
and found for the demandant for the aggregate of said sums,
$311.31, with leave, under the St. of 1874, *c.* 248, to have judg-
ment entered for $130.24 as damages for detention, if, in the
opinion of this court, the demandant could not recover damages
prior to the demand of May 19, 1876. The tenant alleged
exceptions.

*T. Dean,* for the tenant.

*A. E. Pillsbury,* for the demandant.

LORD, J. There is no doubt that at common law the claim
for dower, and the claim for damages for the detention of dower,

were several and distinct causes of action, and that, when a demand for dower had once been properly made by the widow, her damages for the detention commenced at the time of such demand, whenever made; and these damages she might recover in a separate writ, as a cause of action other than her writ of dower. Such was clearly the law here, at least until the St. of 1783, *c.* 40, if not until the passage of the Revised Statutes in 1836.

Chapter 102 of the Rev. Sts. is apparently intended as a revision of the whole common law upon the writ of dower. Several new provisions are introduced into it, and the natural import of the language would seem materially to change the common-law proceeding, not only in relation to the writ of dower, but to the action for the detention of dower. At common law there was no limitation, except such as the common law itself created, of the time within which the writ of dower should be brought; and it might be brought immediately upon demand. In this Commonwealth, by the St. of 1783, *c.* 40, the heir or other tenant of the freehold was allowed thirty days from the time of the demand in which to set out the dower; and, if he neglected to do so, the widow might, after the expiration of that time, sue for and recover the same. By the Rev. Sts. *c.* 102, § 2, the right of the widow is further limited, by requiring that the action shall be brought within one year from the time of the demand; but "this shall not preclude her from making a new demand and commencing an action thereon," in case an action should not be brought within one year after the first demand. By the third section of that chapter, "if the demandant recovers judgment for her dower, she shall in the same suit recover damages for the detention thereof."

Perhaps the St. of 1783 would have required the same construction; but by the Rev. Sts. *c.* 102, § 3, it is made certain that the damages for the detention are incident to and must be recovered in the writ of dower; and the fourth and fifth sections of the same chapter are new provisions, not theretofore existing, which made very important changes in the rules of the common law. The fourth section is as follows: "The action shall be brought against the person who is tenant of the freehold at the time when it is commenced; but if he is not the same

person of whom the demand was made, he shall be liable for damages only for the time during which he held the premises." And by the fifth section, it is provided that, in the case mentioned in the fourth section, "if the demandant shall recover her dower and damages in the writ of dower, she may afterwards maintain an action on the case against the prior tenant of the freehold, of whom her demand was made, for the rents and profits for the time during which he held the premises after the making of the demand."

We are satisfied that the intention of the Legislature was a revision and abrogation of the common law upon the subject of recovery of dower by suit and damages for detention, and to establish a new and statutory proceeding which must in all cases be followed, and by which the rights of all parties are fixed. Upon this view of the law, it follows that, except in certain cases for which other provision is specially made, damages for the detention of dower are incident to the writ of dower, and cannot be recovered beyond the time when the demand, which is the foundation of the writ, is made.

The interpretation which we have given to the language of the Revised Statutes is its natural meaning; and that it was used in its ordinary import, is clear from the note of the Commissioners who reported them, in which they say: "The widow can suffer no inconvenience from being required to bring her action within the year after making her demand. If she should by any accident be prevented from bringing it within that time, she will only lose her damages during the delay; and upon a new demand, she may recover her dower, and damages from the time of the second demand." These provisions of the Revised Statutes have remained substantially unchanged. Gen. Sts. *c.* 135. St. 1869, *c.* 418.                    *Exceptions sustained.*