### SOPHIA MATHEWS *vs.* JAMES MATHEWS & others.

Suffolk.   Nov. 16, 1885. — May 7, 1886.   DEVENS & GARDNER, JJ., absent.

A widow, within six months after the probate of her husband's will, filed in the Probate Court a writing, signed by her, stating that the will made provision for her, " which provision she hereby waives and declines to accept, and hereby gives notice that she will claim her dower in the real estate of said deceased, and so much of the personal estate as she may be entitled to by law." *Held*, that this was an election by her to take dower in her husband's estate; and that she was not entitled to one half of said estate during her life, under the Gen. Sts. *c.* 90, § 15. *Held, also*, that the construction of this paper was not affected by a paper filed by her in the Probate Court, after said six months.

PETITION for partition of certain real estate in Boston. Trial in the Superior Court, without a jury, before *Staples*, J., who reported the case for the determination of this court, in substance as follows :

The petitioner claims to be entitled to one half of said estate during her natural life, under the Gen. Sts. *c.* 90, § 15.

The petitioner is the widow of Hugh Mathews, who died testate on August 11, 1875, seised of the real estate in question,

and leaving no issue.  His will was proved and allowed in the Probate Court, an executor thereof was duly appointed and qualified, and letters testamentary were granted on September 6, 1875.

On September 13, 1875, the petitioner filed in the probate office a certain writing signed by her, as follows : " Respectfully represents Sophia Mathews, widow of Hugh Mathews, late of Boston, in said county of Suffolk, deceased, that said Hugh Mathews, in his last will and testament, which was duly proved and allowed in the Probate Court for said county of Suffolk, on the sixth day of September, A. D. 1875, made provision for her, which provision she hereby waives and declines to accept, and hereby gives notice that she will claim her dower in the real estate of said deceased, and so much of the personal estate as she may be entitled to by law."

On December 7, 1877, she filed another writing, signed by her, as follows: " Respectfully represents Sophia Mathews, the widow of Hugh Mathews, hereby confirming and insisting on her waiver of the provisions of his will in her behalf, and to her claim for so much of the personal property as she may be entitled to if her husband had died intestate, hereby declares that her claim to the real estate therein is for such portion of the real estate as she would have been entitled to if her husband had died intestate, namely, one half of said real estate during her natural life ; and that her claim is erroneously in her said petition called dower, and that she amends her said petition, and does not insist on a claim, if any she can make, for dower, but, instead thereof, waives the same, and claims her right to one half of the real estate for life."

The respondents are interested in said estate as the next of kin and devisees under the will of said Mathews.

The judge found the following facts :

The real estate in question is the only real estate of which said Mathews was seised or possessed in this Commonwealth during the coverture.  By the terms of the will, the use, benefit, and improvement of this estate was given to the petitioner in lieu of her rights at law therein as long as she should remain unmarried, and, upon her marriage or death, said estate was to go to the brothers and sisters of the testate, their heirs and

assigns by right of representation, the respondents in this action; but in case the widow should elect to waive the provision of the will, the executor thereof is empowered and directed to sell and dispose of said estate, and to distribute the proceeds thereof as directed by said will. This is the nature of the respondents' interest in said real estate.

There has been no change in the title to said estate since the death of said Mathews, and all the parties in interest are the same, except that, in 1878, or later, one of the devisees died, leaving one child and a widow surviving.

By consent of all the parties in interest, the petitioner, as agent of all concerned, collected the rents of said estate for about two years succeeding her husband's death. In December, 1877, she settled her account as such agent, paying over two thirds of the collections, and retaining one third to her own use; from the death of her husband to the present, she has received one third of the rents; but during the same time, however, she always contended that she was entitled to one half of said estate during her life; and, at the trial, her counsel contended that she intended and understood this to be her claim in her said waiver of the provisions of the will, filed in the probate office on September 13, 1875.

Upon the foregoing facts, the judge ruled that the petitioner had elected to take, and was only entitled to, dower at common law in the premises, and that the petition could not be maintained; and ordered the same to be dismissed for want of jurisdiction, with costs.

If the above rulings were correct, the order was to stand; if incorrect, partition to be ordered as prayed for.

*J. A. McGeough*, for the petitioner.

*J. A. Maxwell*, for the respondents.

W. ALLEN, J. The St. of 1861, *c.* 164, reënacting, with additional provisions, not material to this case, the Gen. Sts. *c.* 92, § 24, provided that, when a man died, having disposed of his estate by will, and leaving a widow, the widow might, at any time within six months after the probate of the will, file in the probate office in writing her waiver of the provisions made for her in the will, and should thereupon be entitled to such portion of his estate as if he had died intestate. The petitioner did this,

and, if that had been all, she would have been entitled, under the Gen. Sts. *c.* 90, § 15, to one half of the estate of which her husband died seised, and could have maintained this petition for partition. *Sears* v. *Sears*, 121 Mass. 267. *Cochran* v. *Thorndike*, 133 Mass. 46. The Gen. Sts. *c.* 90, § 15, provided that, when a man died seised of land in fee simple, not having devised the same, leaving a widow, but no issue, the widow, in lieu of dower, should be entitled to one half of said estate during her life. Section 16 provided that the widow might have her dower instead of the provision of the preceding section, if, within six months of the date of the letters of administration, she filed in the probate office her election to claim dower. Section 15 established a rule of inheritance, and created an estate very different from dower. Under it a widow, on the death of her husband, became seised in common with the other heirs of an undivided half of the land of which her husband died seised, and she could maintain a petition for partition. As dower, the widow could be entitled to have one third of the land of which her husband was seised during coverture (and in which she had not received her dower) set off to her, but she would have no seisin and could not have partition until assignment of dower. The dower estate might be more valuable to her than the statutory estate, and therefore the election to take it was given to her. The only question in this case is whether she exercised that election. If she did not, the statute gave her seisin of one half of the land, and the right of partition.

Within a week after the granting of letters testamentary, the petitioner filed a writing in the probate office, by which she gave "notice that she will claim her dower in the real estate of said deceased." This was clearly, unless qualified in some way, filing in the probate office her election to claim dower. But this was contained in the same paper in which she waived the provisions of the will in her favor, and immediately followed the words, "which provision she hereby waives and declines to accept;" and the contention for her is, that the whole paper is to be construed as a waiver of the provisions of the will only, and as declaring an intention to take such estate in dower, or in lieu of dower, as the law would give her upon such waiver.

The petitioner possessed two rights, each to be asserted by filing a declaration in the probate office. The paper filed by her

contains a clear and definite declaration as to each of those rights, conforming to the language of the statute respecting them ; she waives and declines to accept, as the statute provided she might waive, the provisions of the will; and she gives notice that she shall claim her dower, as the statute provided she might file her election to do. The words in relation to dower cannot be rejected as surplusage, and they cannot be read to mean anything but an election to take dower. The fact that they are contained in the same paper with the waiver of the provisions of the will, does not give them a different meaning from what they would have if filed in a separate paper. That fact might aid in construing doubtful words, but cannot change the plain meaning of the language used.

The declarations of the petitioner, whether verbal or in writing, and filed in the probate office more than two years after the granting of the letters testamentary, are incompetent to control the effect of the written claim of dower filed within the six months limited by the statute.           *Order affirmed.*