ROSANNA O'GARA vs. PATRICK NEYLON.

Suffolk. November 22, 1893. — March 28, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Dower — Widow's Right after Twenty Years from Husband's Death without continued Occupancy of Land — Statute — Bar.*

Where a widow has not continued to occupy, with the heirs of her deceased hus-. band, land of which he died seised, or to receive·her share of the rents and profits thereof, her right of dower is not saved, under Pub. Sts. c. 124, § 13, by the fact that she occupied the land and received the rents and profits with the heirs for several years, if her writ is not brought when she ceases to occupy the land or to receive the rents and profits, and not until more than twenty years after his death, but is barred by § 14.

BARKER, J. This is a writ of dower dated October 17, 1891. The demandant's husband died seised of the land on December 24, 1866, leaving the demandant and two children, one of whom was six and the other nine years of age. The demandant occupied the land with the children until 1870, when she moved away, leaving the place in charge of a neighbor, and continued to receive rent up to December 7, 1875. Since that date she has received no rent. Administration on the estate of the demandant's husband was granted on May 11, 1885, to a public administrator, on a petition representing that the deceased had died not leaving a known widow or heirs in this Commonwealth, and the land was duly sold by the administrator on August 25, 1885, for payment of debts and charges of administration. Upon the settlement of the administrator's account, it appears that the sum of $56.25 was paid by him to the demandant, and other sums to the two children. There were no assets except the proceeds of the sale of the land. The purchaser was one Murphy, who, on December 29, 1887, conveyed the land to one Walsh, who, on May 17, 1888, conveyed it to the tenant, who purchased it in good faith and for valuable consideration, and who had no notice of any right or claim of the demandant or of any prior occupation of the land by her.

The tenant pleads that no claim or action for the demandant's interest in her husband's estate was made or commenced by the

demandant within twenty years after the death of her husband, and that her claim for dower is therefore barred under the provisions of Pub. Sts. c. 124, § 14, while the demandant contends that because, after her husband's death, she continued to occupy the lands with his heirs until 1870, and to receive the rents until December 7, 1875, her right of dower is not barred by the provisions of Pub. Sts. c. 124, § 14, and is saved by the provisions of Pub. Sts. c. 124, § 13.

Both these provisions were considered by the court in the case of *Hastings* v. *Mace*, 157 Mass. 499, in which the demandant, who had for more than twenty years after her husband's death occupied with his heirs land of which he died seised, was held to be entitled to bring a petition for the assignment of her dower when, after the expiration of twenty years, the heirs sought to hold the land in severalty ; and her right in that case was held to be not barred by the provisions of Pub. Sts. c. 124, § 14. That case was between the widow and the heirs of her deceased husband, with whom, until the bringing of her petition for dower, the widow had occupied the land in common, and it did not necessarily involve the effect of Pub. Sts. c. 124, §§ 13, 14, upon the rights of a *bona fide* purchaser who had bought the land more than twenty years after the husband's death, and without notice of the widow's right or claim, or of her occupation of the lands or receipt of rents after her husband's death.

In the decision of the case at bar, we have to determine whether, if the widow has not continued to occupy the lands with the heirs or devisees of her deceased husband, or to receive her share of the rents, issues, and profits, and the land has passed into the ownership of a *bona fide* purchaser for value without notice of her claim or right, or of the fact that she occupied or received the rents with her husband's heirs or devisees, her claim or action can be maintained unless commenced within twenty years from her husband's death.

In the former case the widow, in making her petition against the heirs of her deceased husband for the assignment of her dower, was exactly within the terms of Pub. Sts. c. 124, § 13. She had continued to occupy the lands with the heirs, or to receive her share of the rents without objection from them, until the time when they chose to occupy in severalty, and she then

claimed her interest and brought her petition for dower. In the case at bar the demandant is not within the letter of the Pub. Sts. c. 124, § 13, because she has not continued to occupy the lands with the heirs, or to receive her share of the rents, but ceased to do either nearly sixteen years before demanding her dower of the tenant; nor have the heirs put an end to her occupancy or receipt of rents by seeking to hold the land in severalty, but it has been sold by the administrator of her husband's estate, under whom, and not under the heirs of her husband, the tenant holds. The present action comes within the letter of the provision of Pub. Sts. c. 124, § 14: "No widow shall be entitled to make claim for an interest in her husband's real estate, or to commence an action or other proceeding for the recovery thereof, unless such claim or action is made or commenced within twenty years after the decease of the husband"; and as her present claim was not made until August 30, 1891, while her husband died on December 24, 1866, it is barred by that provision, unless the true construction of both of these sections taken together is that the latter is not, under any circumstances, applicable to claims of a widow who has for any period after her husband's death occupied with his heirs the lands of which he died seised, or received her share of the rents. Such a construction of the sections was not made in *Hastings* v. *Mace, ubi supra*, and in our opinion would not be correct.

The legislation upon the subjects dealt with in the two sections under consideration was reviewed in *Hastings* v. *Mace*, in connection with the fact that there was no statute of limitations barring a widow's right to dower until the passage of St. 1858, c. 56. In the adoption of the Revised Statutes there was no question of the effect of Rev. Sts. c. 60, § 6, upon any statute of limitation of the widow's right to recover dower, either as against the heirs of her husband, or against his grantees, or those who had purchased of his administrator or of his heirs or devisees. The St. 1858, c. 56, took effect on March 18, 1858, and provided that no person who then was or who might thereafter become a widow should "be entitled to make any claim for dower, or to commence any action or other proceeding for the recovery thereof, unless such claim be made or such action or proceeding be commenced within twenty years from the time

when the decease of her husband shall have taken place," with a proviso that the act should not prevent a widow from claiming dower or commencing an action or other proceeding to recover the same within five years from the passage of the act, whatever length of time might have elapsed since her husband's death, and with a further proviso in case the widow was absent from the Commonwealth or under age, insane, or imprisoned. It would have been possible to construe St. 1858, c. 56, as applicable to all cases, it being within the power of the Legislature to impose a new limitation upon actions if a reasonable time is allowed for the enforcement of existing rights. See *Call* v. *Hagger*, 8 Mass. 423, 430; *Smith* v. *Morrison*, 22 Pick. 430; *Bigelow* v. *Bemis*, 2 Allen, 496, and cases cited. But when these two sets of provisions with reference to dower were brought forward together in Gen. Sts. c. 90, §§ 6, 7, and were again re-enacted and made to embrace other rights than dower, in Pub. Sts. c. 124, §§ 13, 14, the injustice of holding that a widow who for more than twenty years after the death of her husband, and after March 18, 1863, had occupied jointly with his heirs, or with their assent had received her share of the rents, could not maintain proceedings to have her dower assigned when for the first time her right was disputed and its fruits denied to her became apparent, and led to the decision in *Hastings* v. *Mace*, that in such a case her right was not barred by the provisions of Pub. Sts. c. 124, § 14. That decision, however, was not intended to go farther than the facts of the case then before the court required, and the literal meaning of Pub. Sts. c. 124, § 14, should not be departed from by construction any farther than the co-ordinate provision found in Pub. Sts. c. 124, § 13, demands. This demand is met by holding that a widow's claim to dower is barred by the expiration of twenty years from the death of her husband, unless she brings herself within the proviso of § 14 as to absence or disability, or unless she shows her claim to be entirely within the right confirmed by § 13. If she has not continued to occupy with the heirs, or to receive her share of the rents, and does not upon their depriving her of the fruits of her right by seeking to hold the land in severalty, or refusing her a share of the rents, or by conveying to a stranger, bring her proceedings for dower, no injustice is done her by holding that her

claim is barred by the expiration of twenty years from the death of her husband. The statutes, taken together and so construed, give her ample opportunity for the preservation and enforcement of all her rights, and afford no opportunity, either to the heirs of her husband or to purchasers, to defeat them. She can secure and enjoy all the rights given to her by either section of the statute, if she pursues them in the manner provided; and if, after having for a time occupied with the heirs or received her share of the rents, she does not choose to follow the course provided by the statute, she cannot complain of injustice if by her omission or delay her right is barred by a limitation plainly stated in the statute. She must comply with the prescribed provisions in order to preserve and enforce her rights, because it is so written.

For these reasons, we are of opinion that, the demandant not having continued to occupy with the heirs or to receive her share of the rents, her right to dower is not saved by the provisions of Pub. Sts. c. 124, § 13, and, more than twenty years having elapsed since the death of her husband, is barred by the provisions of Pub. Sts. c. 124, § 14.

In arriving at this conclusion we are not influenced by the contention that, if the statute had provided that a widow who after her husband's death had occupied with his heirs or received her share of the rents should never be barred of her right to dower by lapse of time, it would be unjust to purchasers. There are many facts *in pais* which intending purchasers must consider, and which may invalidate their title; and there is no injustice in subjecting them to the risks involved in the ascertainment of such facts and the application to them of the law.

We express no opinion as to the effect of either section upon any right other than that of dower.

> *Judgment for demandant set aside, and judgment ordered for tenant.*

*E. L. Rand,* for the tenant.
*J. P. Leahy,* for the demandant.