LUCY L. SHELTON *vs.* ALBERTINA H. SEARS & others.

Suffolk.　January 10, 1905. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Statute,* Construction.　*Dower.　Widow.　Equity Jurisdiction.*

When separate statutes concerning the same general subject are brought together by codification, if they previously have received judicial construction and are re-enacted without substantial change, it will be presumed that the Legislature adopted the construction given by the court.

Under Pub. Sts. c. 127, § 18, the widow of one dying testate, who has made no provision for her in his will, can establish her right to dower only by filing in the registry of probate within six months after the probate of the will a writing signed by her claiming such portion of his estate as she would be entitled to if he had died intestate.

Ignorance of the law is no more an excuse in equity than at law for failing to assert a right within the time limited by statute.

WRIT OF DOWER, dated March 15, 1902, brought by the demandant as the widow of Henry S. Shelton, deceased testate on January 18, 1883.

In the Superior Court the case was tried before *Bond, J.* The jury made the special findings quoted in the fourth paragraph of the opinion, and returned a general verdict for the demandant. At the request of the tenants the judge reported the case for determination by this court.

*R. M. Morse & A. D. Hill,* for the tenants.

*W. P. Hale,* for the demandant.

BRALEY, J.　This is an action brought by the demandant as the widow of Henry S. Shelton against the tenants who claim

under his will, to have her dower set out in lands of which he died seised.

It was the contention of the tenants that no valid marriage had ever been solemnized between the demandant and the testator as required by the provisions of Pub. Sts. c. 145, § 22.

No record of her marriage was produced, but she took the ground that it had been duly performed in the presence of a clergyman, and relied on the further statutory provision that " No marriage solemnized before a person professing to be . . . a minister of the gospel . . . shall be deemed or adjudged to be void . . . if the marriage is in other respects lawful, and is consummated with a full belief on the part of the persons so married, or of either of them, that they have been lawfully joined in marriage." Pub. Sts. c. 145, § 27. *Meyers* v. *Pope*, 110 Mass. 314, 316. See *Commonwealth* v. *Munson*, 127 Mass. 459.

At the trial in the Superior Court much evidence was introduced on this issue of fact, and two questions were submitted to the jury.

First. " Was a marriage between the demandant and Henry S. Shelton solemnized at Worcester on June 16, 1868, by a person professing to be a clergyman ? "

Second. " Was such marriage consummated with the full belief on the part of the demandant that she had been lawfully married ? "

Both were answered in the affirmative, and the tenants requested a ruling that the demandant could not prevail because no provision having been made for her in the will, she had not filed any waiver, or claim to dower, as required by Pub. Sts. c. 127, § 18, in force at the death of the testator.

This request was denied, and a general verdict for the demandant having been returned, the case is before us on a report that presents for our consideration the correctness of the ruling.

It is not in dispute that Henry S. Shelton died on January 18, 1883, leaving a will, which was duly admitted to probate on February 14, 1883 ; that the demandant knew of the fact that no provision was made for her, and that as his widow she was entitled to share in his estate. But she did not file in the probate office any waiver of the will, or claim to the estate, and made no demand until she brought this action on March 15, 1902.

The estate demanded is technically that of dower alone, and there is no occasion to consider what rights, if any, she had in the personalty, or whether she was entitled upon taking proper action to more than a dowable interest in the lands of her husband. *Elliot* v. *Elliot*, 137 Mass. 116. *Mathews* v. *Mathews*, 141 Mass. 511.

In connection with the gradual enlargement of the rights of a married woman in the property of her deceased husband, each revision of our statutes has made changes of the entire law of dower, and resort must be had to them to ascertain when dower is barred, and how such bar can be established. Rev. Sts. c. 60. Gen. Sts. c. 90. Pub. Sts. c. 124. See R. L. c. 132; c. 135, § 16 ; *Lakin* v. *Lakin*, 2 Allen, 45, 46 ; *Whitaker* v. *Greer*, 129 Mass. 417; *O'Gara* v. *Neylon*, 161 Mass. 140.

It must be taken as settled that if a will makes provision for the widow of the testator, such provision is in place of, and not in addition to, her right of dower in his lands which would arise in a case of intestacy, unless "such plainly appears by the will to have been the intention of the testator." Rev. Sts. c. 60, § 11. Gen. Sts. c. 92, § 24. St. 1861, c. 164, § 1. Pub. Sts. c. 127, § 20. *Reed* v. *Dickerman*, 12 Pick. 146, 149. *Staigg* v. *Atkinson*, 144 Mass. 564, 570. *Matthews* v. *Thompson*, 186 Mass. 14.

If she prefers what the law grants as of right rather than what her husband has provided, since Rev. Sts. c. 60, § 11, and before R. L. c. 135, § 16, was enacted, she must exercise her election within six months from the date when the will was admitted to probate. *Atherton* v. *Corliss*, 101 Mass. 40, 46. By Gen. Sts. c. 92, § 24, she was further required to express such election by a waiver in writing filed in the probate office, and a uniform rule of evidence to prove the fact was thus established, and has since continued in force. See *Reed* v. *Dickerman, ubi supra*, and *Pratt* v. *Felton*, 4 Cush. 174; Pub. Sts. c. 127, § 18; R. L. c. 135, § 16. But after her election it would be inequitable that she should be allowed to claim under the will, and at the same time, by demanding dower, to assert a title which might tend to impair or defeat its full testamentary effect unless such intention appeared. *Delay* v. *Vinal*, 1 Met. 57, 65.

Where, however, as in this case, the will makes no reference to or provision for the widow, there is nothing for her to choose,

and, if she is still obliged to file a waiver or be barred of dower, the requirement must be found in legislation subsequent to St. 1861, c. 164, § 1.

Before St. 1854, c. 428, was enacted, which became in part Gen. Sts. c. 92, § 24, the language used, " she shall . . . make her election," imports that she may either enforce her right to dower, or, by failure to act, may be presumed to have accepted the provisions made for her in the will.

But the changes which then first appear, and are continued by re-enactments as a part of our present statutory law, in substituting " may " for " shall," and providing for a waiver instead of an " election " by the widow, made no change in the meaning or purpose of the law. For a widow was still left free to exercise her power of choice. *Phillips* v. *Fadden*, 125 Mass. 198, 201.

By St. 1861, c. 164, § 3, § 24 of the Gen. Sts. c. 92, was repealed, but the requirement of election was re-enacted.

No further change appears until St. 1871, c. 200, declared that St. 1861, c. 164, § 1, should " be so construed that a widow for whom no provision is made in the will of her husband, may file her waiver of the provisions of the will in like manner and with the same effect as if provision had been made for her in the will."

It was evidently the object of the statute to require a widow not provided for in her husband's will, but who otherwise would be entitled to dower, to make a claim as dowress, or, by her failure to act, the will with her implied assent would thus operate to bar her right.

This more clearly appears when the distinction between the result reached in the two classes of cases is considered. In one case the will accepted contains provisions in place of dower, and the widow becomes a purchaser for value, or if the provisions are rejected, she takes her legal estate ; and in either event she gets her dower or its equivalent ; *Towle* v. *Swasey*, 106 Mass. 100, 105 ; *Richardson* v. *Hall*, 124 Mass. 228, 234 ; while in the other case she is left portionless by the will, and unless a claim for what the law gives her is duly made, she is excluded from all participation in the distribution of the estate.

When these last statutes were codified by Pub. Sts. c. 127,

§ 18, this construction was plainly adopted by the Legislature in providing for a waiver, or election, where the will made provision for her; and requiring, in the absence of such a provision, a claim to be filed for " such portion of his estate as she would have been entitled to if he had died intestate."

We have thus far considered the question presented without reference to the case of *Shannon* v. *White*, 109 Mass. 146. In that case a testator domiciled in another State died seised of lands in this Commonwealth. His will, which contained no provision for the petitioner, who claimed to be his widow, was admitted to probate at his domicil. Upon ancillary probate being granted here, she appealed from the decree, and, pending the appeal, while the estate was in charge of a special administrator, brought a petition for an allowance under Gen. Sts. c. 94, § 9, which provided that during such a contest a reasonable allowance might be made to the widow and children as an advancement "not exceeding such portion of the income of the estate as they would be entitled to whether the will is finally proved or not."

It therefore became necessary, in deciding the case, to determine the scope of St. 1861, c. 164, § 1, as amended by St. 1871, c. 200.

In affirming the decree of the Probate Court, which had denied the petition, it was said that if the petitioner was his widow, she was not entitled to share in the personalty, which must be administered according to the law of the testator's domicil, of which no evidence was offered, nor to dower in his real estate, because "she is not entitled, under our laws, to dower in his real estate, without filing in the probate office a written waiver of the provisions of the will, which she has not done." See *Ross* v. *Ross*, 129 Mass. 243, 247.

This decision was made in 1872, and in 1882 the Public Statutes were enacted.

It may be presumed, where separate statutes covering the same general subject are brought together by codification, if they previously have received judicial construction, and are re-enacted without change of the rule laid down, that the Legislature intended to adopt the same construction. *Commonwealth* v. *Hartnett*, 3 Gray, 450.

By either way, then, the same conclusion is reached, and as the demandant failed to file a waiver of the will or to claim dower, she cannot maintain her action at law.

It is suggested that she may have relief in equity against the operation of the statute on the ground of accident or mistake in not earlier asserting her claim, and that she should be allowed by amendment to change her writ of dower into a bill in equity. But the form of procedure cannot change the result. Not only is no fraud or concealment shown, but she knew of the contents of the will and of its admission to probate, and at the time was acting under legal advice. *Motherway* v. *Wall,* 168 Mass. 333, 338.

The only excuse offered for her inaction is that she was ignorant of the law, but this is not sufficient in equity any more than at law to overcome the express limitation fixed by statute within which she must act, or be forever barred. *Upham* v. *Wyman,* 7 Allen, 499, 502. *Currier* v. *Studley,* 159 Mass. 17. See *O'Gara* v. *Neylon,* 161 Mass. 140.

The demandant further relies on Pub. Sts. c. 124, § 15, as saving her rights, and contends that she is entitled to be endowed anew because deprived " of the provisions made for her by will or otherwise in lieu of dower."

This section, however, has no application, as there were no " provisions made for her by will," by jointure, or other pecuniary provision. See Pub. Sts. c. 124, §§ 7, 8.

On the merits of the case the demandant cannot prevail, and we do not deem it necessary to consider the tenants' exceptions to the exclusion of certain questions put to her as a witness on cross-examination.

Under the reservation in the report the order must be

*Judgment for the tenants.*