ABIEL T. ATHERTON, administrator, *vs.* HORATIO G. F. COR LISS, executor.

A widow waived the provisions for her benefit in her husband's will, and died before the probate of the will. *Held*, that this waiver was sufficient, under the St. of 1861, *c.* 164, which allows the waiver to be made " at any time within six months after the probate of the will."

It is within the discretion of the probate court to order the payment to a widow who has waived the provisions of her husband's will, of ten thousand dollars under the St. of 1861, *c.* 164, though two years have not elapsed from the date of the executor's bond, if it clearly appears that the surplus, after covering all probable liabilities, will be more than sufficient to entitle her to that amount.

The sum of ten thousand dollars paid, under St. 1861, *c.* 164, to a widow who has waived the provisions for her benefit in her husband's will, does not carry interest till an effectual order for the payment of the sum to her has been made.

APPEAL from an order of the probate court made on the petition of the administrator of Mary J. Mather, and directing that the sum of ten thousand dollars should be paid to him by the executor of Joshua Mather, the husband of Mary J. Mather.

The case was heard before *Foster*, J., who made a report thereof to the full court, substantially as follows:

Joshua Mather died June 22, 1865, without issue, leaving a widow, the said Mary J. Mather, for whom he made certain provisions by his will.

On August 8th 1865, Mary J. Mather filed in the probate office a writing which had remained there ever since, and which was as follows: " To the honorable the judge of the probate court in and for the county of Middlesex, and to all whom it may concern. Respectfully represents Mary J. Mather of Lowell, in said county of Middlesex, that she is the widow of Joshua Mather, late of Lowell in said county, deceased; that said Joshua Mather deceased made certain provisions for her, the said Mary J. Mather in his last will and testament and in the codicil appended to said will, which will and codicil have been duly proved and allowed in said probate court holden in and for the county of Middlesex aforesaid, within six months last past, and that she, the said Mary J. Mather, hereby waives the provisions so made for her in said will and codicil, and hereby gives notice that she

will claim her dower in the lands of said deceased, and her distributive share of his, the said Joshua Mather's, personal estate. Witness my hand at Lowell this eighth day of August 1865. Mrs. M. J. Mather."

Mary J. Mather died September 30, 1865, intestate. The will of Joshua Mather was not presented for probate until September 5, 1865, and, one of the heirs at law of the testator appearing and objecting to the allowance thereof, the hearing was postponed to October 10, 1865, when the will and codicil were admitted to probate.

The first account of the executor of Joshua Mather, presented and allowed June 11, 1867, charged him with a balance of personal property, remaining in his hands to be administered, of fifty-seven thousand and thirty-five dollars and ninety-five cents. This account did not include the executor's charges for administration, nor a claim made against the testator's estate for fifteen thousand dollars and interest, in litigation in this court, nor other unadjusted claims, not exceeding, so far as was known, ten thousand dollars. No second or final account of the executor had been rendered; and it did not otherwise appear whether the personal estate of the testator which would remain after the payment of debts and the charges of administration would, or would not, be sufficient to have entitled Mary J. Mather (if living and duly waiving the provisions of the will) to receive the sum of ten thousand dollars as her distributive share of the personal estate.

On June 25, 1867, on the petition of the administrator of Mary J. Mather, the acting judge of probate ordered the executor of Joshua Mather to pay to said administrator the sum of ten thousand dollars, as the share of Mary J. Mather in the personal estate of her husband, out of the balance in his hands. From this order the executor appealed.

The judge reserved for the full court the questions whether the widow's waiver of the provisions of the will was effectual, and also whether the decree of the judge of probate was right in form and substance, and one which it was competent to make in the then existing condition of the settlement of the estate

*D. S. Richardson & J. Davis*, for the appellee.

*A. P. Bonney*, for the appellant. The St. of 1861, *c.* 164, is designed for the personal and exclusive benefit of the widow, not in any respect for the advantage of her heirs and administrators, and the act which may defeat her husband's will, divert from his disposition, and vest in her a portion of the estate, can be done only by her personally, and must be done within the period designated by the statute. *Sherman* v. *Newton*, 6 Gray, 307. *Ex parte Moore*, 7 How. (Miss.) 665. *Smith* v. *Smith*, 20 Verm. 270. *Craven* v. *Craven*, 2 Dev. Eq. 338. The period designated is " at any time within six months after the probate of the will." In this case the widow filed her waiver and died before the probate of the will.

The statute is in derogation of the principles of the common law and natural right. It should, therefore, be construed strictly, and by strict construction the specified period has a defined beginning, as well as termination. The use of the word " within " instead of " before," signifies that the act is to be " between " some certain points of time, namely, the time of probate and six months thereafter. If the words " within six months " were omitted, the reading would be " she may at any time after the probate," &c., and there would be no question that the act must be done after probate. Yet the only office or effect of the omitted words is to operate a still narrower restriction ; they have no proper force to enlarge the period. The natural import of the words is as the appellant contends ; suppose A. promises to pay B. a sum on demand, " at any time within six months after the probate " of M.'s will ; could an action be maintained on the promise before the probate of the will ?

It is an object of the statute to designate a time and place as definitely as is consistent with affording reasonable opportunity for the widow to investigate her interests, and act thereon, so that persons interested may know, not only where, but when to examine, to ascertain whether the act has been done ; and unless it is the purpose of the statute to postpone the waiver til after the probate, why is any reference made to the probate of the will, in fixing the time for the waiver ?

The construction contended for by the appellant more per-
fectly subserves the object of the statute, for while it gives the
widow the full personal advantage of its provision, it tends to
restrain its perversion for the advantage of persons not intended
to be benefited. It can in no case operate to the personal dis-
advantage of the widow. She can gain nothing by waiving the
provisions of the will before its probate. It cannot hasten the
distribution of her share of the personal estate. Such share
cannot be paid nor ascertained till after the probate and admin-
istration. *Sullings* v. *Richmond*, 13 Allen, 277. It may per-
haps be claimed that she may have her dower assigned to her
without waiting for the probate of the will, but the fact that,
until probate of the will, it cannot be known who are the ten-
ants of the freehold, would seem to render such assignment im-
practicable. But if by such waiver she would be entitled to
have her dower set off before probate of the will, such fact would
furnish a most cogent reason against a construction which would
admit of it. Such proceeding would create the utmost confu-
sion and mischief. It could not be known who was interested,
nor in what manner the parties would be affected. In such as-
signment, regard must be had to the rights and convenience of
the different heirs or devisees. If the assignment should be
made without regard to the will, it might happen that the entire
estate of some devisees would be taken for dower, while that of
others would be left discharged of it; or if the assignment should
be made with regard to the will, and that should be disallowed,
such assignment might, and in most instances probably would,
prove exceedingly inconvenient and annoying to all parties, and
prejudicial to the estate. The widow is amply protected against
any injury arising from the postponement of her dower, in con-
sequence of any delay in proving the will, by the provision of
the Gen. Sts. *c*. 96, § 5. If, by reason of protracted postponement
or other cause, the first allowance proves insufficient, additional
allowances may be made from time to time, as occasion may
require. *Hale* v. *Hale*, 1 Gray, 518. The construction that the
waiver may be filed before the probate of the will will never be
invoked, except where it will pervert the object of the statute by

defeating the will of the testator for the benefit of persons whose advantage the statute does not contemplate; or where it will be disadvantageous to the widow.

The construction contended for by the appellant is that which the statute has generally received, as is apparent from the fact that the precedents of forms contain the allegation that the will " has been duly proved and allowed within six months last past," and it is remarkable that the waiver in this case contains the same allegation. In *Sherman* v. *Newton,* 6 Gray, 307, Mer rick, J , says : " To make it effectual, the power is to be exercised personally by her, and upon the terms and conditions and within the period for that purpose prescribed. If she omits, during the six months next succeeding the probate of the will, to waive its provisions in her behalf, her right of doing so is thereby extinguished, and ceases to exist."

If the waiver was effectual, the decree was premature.

WELLS, J. The St. of 1861, *c.* 164, provides that the widow of a testator " may, at any time within six months after the probate of the will, file in the probate office, in writing, her waiver of the provisions made for her in the will ; and shall in such case be entitled to such portion of his real and personal estate as she would have been entitled to if her husband had died intestate." " If she makes no such waiver, she shall not be endowed of his lands, unless it plainly appears," &c.

In this case the widow did file what was unquestionably intended to be a waiver of the provisions of the will of her husband. We do not consider the misrecital of the fact as to the probate of the will to be of any consequence. But the waiver was filed, and the widow herself died, before the will was in fact admitted to probate. So that, if she did not make a good waiver in her lifetime, none could afterwards be made for her by her representatives. *Sherman* v. *Newton,* 6 Gray, 307.

The important question in the case is upon the interpretation of the phrase " within six months after the probate of the will." Is the reference to the probate of the will for the purpose of fix ing merely the terminus *ad quem ?* or does it also fix the termi nus *a quo ?* The main purpose undoubtedly is to fix a time

when her right of election shall cease, and the presumption of the statute become absolute. But the words used, in strictness, would seem also to limit the right in the other direction, and confine it to the specified period subsequent to the actual probate of the will. If the provision related only to the right of the widow to claim her distributive share of the personal estate, regardless of the will, we should be disposed to give it this narrower construction. There is much force in the argument of the counsel for the appellant in favor of thus limiting the right of the widow to disturb the provisions of the will in respect of the personal estate.

But the same provision applies indiscriminately to her right of dower as well as to her right to a share of the personal estate. The interpretation, therefore, which we are to adopt, must be one which is consistent with the rights of the widow and the rules of law relating to dower. .

Dower is an estate or interest in the lands of her husband with which the common law invests the wife, by virtue of their mutual relations. As widow, she takes it by operation of law, unless barred in some mode recognized by law. This right is confirmed by statute. Gen. Sts. *c.* 90, § 1. Such being the case, it is not to be supposed that it was the intention of the legislature to so change the law as to make the right dependent upon the filing of any paper in the probate office. The right is complete from the death of the testator, and may be enjoyed and enforced forthwith. It is argued that practically this is not so, because, until the will is proved, it cannot be known from whom, as tenant of the freehold, the dower is to be demanded. But this difficulty affects only the remedy; and even in that respect it does not apply to the whole right, for her dower is not limited to lands of which the husband died seised. We cannot hold that the statute deprives the widow of her right altogether until, by the termination of all controversies respecting the allowance of the will, (in which she may take no part, and over which she may have no control,) she is enabled, " after the probate of the will," to file her waiver of its provisions. Her right of dower is not acquired by her waiver of the will; but her

acceptance of the provisions of the will operates to bar her dower. By permitting the will to stand for six months after its probate, without any declaration of purpose to reject its provisions in her favor, she is taken to have accepted those provisions; and thus to have barred her right to have dower. The statute fixes the time when this presumption of acceptance shall become absolute; and the mode in which it may be met, and the right of dower preserved. So far as the right of dower is concerned, this is clearly the whole scope and intent of the statute; and to construe the phrase quoted as fixing a time before which the widow could not elect to exercise her right would be plainly inconsistent with the nature of the right, and with the well settled rules of law by which it is governed.

This view is confirmed by the history of the law upon the subject. At common law the right of dower was not affected by a devise or bequest to the widow, unless it plainly appeared by the will to be intended in lieu of dower. By St. 1783, *c.* 24, § 8, it was provided that "the widow, in all cases, may waive the provision made for her in the will of her deceased husband, and claim her dower and have the same assigned her." Under this statute it was held that the waiver must be made in a reasonable time, or she would be presumed to have accepted the provisions of the will and thus waived her right to have dower assigned. *Reed* v. *Dickerman,* 12 Pick. 146. The provision in the Rev. Sts. *c.* 60, § 11, is as follows: "If any provision be .nade for a widow in the will of her husband, she shall, within six months after probate of the will, make her election, whether she will take such provision or be endowed of his lands; but she shall not be entitled to both, unless it plainly appears," &c. In *Pratt* v. *Felton,* 4 Cush. 174, it was held that the neglect of the widow to waive the provisions of the will was conclusive evidence of her election to accept them, and a waiver of her right of dower. The right of the widow, upon waiving the provisions of the will, to claim the same portion of the personal estate "as she would have been entitled to if her husband had died intestate," was introduced into the law by the St. of 1854, *c.* 428. The evidence of such waiver is required by the Gen

Sts. *c.* 92, § 24, to be in writing, filed in the probate office. That statute also provides that, " If she makes no such waiver, she shall not be endowed of his lands, unless it plainly appears," &c. The change by the St. of 1861, *c.* 164, is merely to limit the quantity of interest which the widow may take in the personal estate, in case of her waiving the will.

The effect of the waiver, since the St. of 1854, is to give to the widow a new and additional right, in respect to which a strict construction might be required, if it stood alone. But the phraseology relating to the time for exercising the right of waiver is substantially the same in that and in the subsequent statutes as in the Revised Statutes. We think the construction must be the same now as if the right of dower only were affected by the exercise or failure to exercise the right of waiver; and, in that view, that the right may be exercised at any time after the decease of the testator and before the expiration of six months after the probate of the will. To such a waiver the St. of 1854 attached an additional result; but the character of the act and the conditions upon which it may be legally performed are in no respect changed.

The result is, in this case, that the right of waiver was properly and seasonably exercised, and the representatives of the widow are entitled to her distributive share of the personal estate, under the statute. Having waived the provisions of the will, her rights are the same as if her husband had died intestate, subject however to the limitations imposed by the St. of 1861. Her interest in the personal estate was therefore such a vested right as would pass to her representatives.

A question is made that the decree was premature, inasmuch as there were debts outstanding against the estate, and two years from the date of letters testamentary had not then expired. It is undoubtedly within the power of the court of probate to order distribution within the two years, taking care to protect the executor or administrator by bonds, if there is any reason to apprehend that other liabilities may exist. Gen. Sts. *c.* 97, § 21. We do not doubt that the court may, in like manner, order the payment to the widow of her limited portion of the estate,

without waiting until a final distribution can be made, provided it is made clearly to appear that the surplus, after covering all probable liabilities, will be more than sufficient to entitle her to that amount. This is apparently what was done in the present case. Upon the hearing in this court, which was after the expiration of two years from the probate of the will and letters testamentary, it did not appear that there were any liabilities which could, in any event, reduce the surplus so that the widow would not be entitled to her full share of ten thousand dollars.

Upon this reservation, the question whether the waiver was filed by her authority is not open.

The question of interest is settled by the case of *Sullings* v. *Richmond*, 13 Allen, 277. The widow is entitled to receive the sum of ten thousand dollars at the time when an effectual order for its payment shall have been made.

The decree of the probate court ordering that amount to be paid to her representatives is now                    *Affirmed.*