LEE M. FRIEDMAN, administrator with the will annexed, *vs.* JULIUS ANDREWS, administrator, & others.

Suffolk.    February 4, 1936. — February 26, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Will,* Waiver.    *Agency,* Termination.

Under G. L. (Ter. Ed.) c. 191, § 15, a surviving wife's waiver in writing of the provisions of her husband's will does not become effective until it is filed in the registry of probate.

Authority to file such a waiver, signed by the wife within the statutory period and left with her counsel, ceased with her death.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on November 25, 1935, by the administrator with the will annexed of the estate of Irving Solby, late of Boston.

The petition was heard by *Dolan,* J. From a decree entered by his order the respondent Andrews, administrator of the estate of the testator's widow, appealed.

*Lee M. Friedman,* stated the case.

*C. W. Spencer,* for the respondent Julius Andrews, administrator.

*J. M. Maloney,* for the respondents Rose Sobotky and others.

FIELD, J. The question for decision is whether, on the agreed facts in this case, Wilhelmina Solby, surviving wife of Irving Solby, late of Boston, waived the provisions of his will.

G. L. (Ter. Ed.) c. 191, § 15, provides that "The surviving . . . wife of a deceased person . . . within six months after the probate of the will of such deceased, may file in the registry of probate a writing signed . . . by her, waiving any provisions that may have been made in it . . . for her, or claiming such portion of the estate of the deceased as . . . she would have taken if the deceased had died intestate, and . . . she shall thereupon take the same portion of the property of the deceased, real and personal, that . . . she would have taken if the deceased had died intestate," with certain exceptions which need not be stated.

Irving Solby, of Boston, died March 26, 1934, leaving a will which was filed in the registry of probate on March 30, 1934. On July 3, 1934, a petition for probate of the will was filed by Wilhelmina Solby, surviving wife of the deceased. On the same day she signed a writing waiving the provisions of the will, and delivered such waiver to her counsel with the petition for probate. From the time of such delivery she had no communications with counsel. Wilhelmina Solby died December 4, 1934. On December 5, 1934, counsel to whom she had delivered the waiver filed it in the registry of probate. A decree was entered

on December 31, 1934, allowing the will and appointing an administrator with the will annexed.

The Probate Court entered a decree that the purported waiver is of no force and effect and instructed the administrator with the will annexed to administer the estate strictly in accordance with the terms of the will. The administrator of the estate of Wilhelmina Solby appealed.

The decree was right.

The language of the governing statute naturally interpreted indicates that *filing* a signed writing is an essential part of a waiver — that the waiver becomes effective only upon such *filing*. The surviving wife "may file in the registry of probate a writing signed . . . by her" and she shall "thereupon" — that is upon such filing — "take the same portion of the property of the deceased" that she would have taken if he had died intestate. Before the General Statutes a surviving wife might, under Rev. Sts. c. 60, § 11 (see also St. 1783, c. 24, § 8), "make her election" whether she would take the provisions for her under the will of her deceased husband or her common law dower, or, under a later statute (St. 1854, c. 428), "waive" such provisions and take, with some limitation, the portion of her husband's property which she would have taken if he had died intestate. She was required to make her election (or waive) within six months after the probate of the will, though no method of election or waiver was prescribed by the statutes. But it was said in *Reed* v. *Dickerman*, 12 Pick. 146, 150 — a case arising under St. 1783, c. 24, § 8 — that "There is some positive act to be done by the widow, indicating her election." Gen. Sts. c. 92, § 24, however, prescribed the method to be followed in waiving the provisions of a will in substantially the terms now incorporated in G. L. (Ter. Ed.) c. 191, § 15. See *Atherton* v. *Corliss*, 101 Mass. 40; *Shelton* v. *Sears*, 187 Mass. 455. It seems clear that the method prescribed by statute is exclusive (compare *Georgetown National Bank* v. *Ford*, 215 Ky. 472) and that filing a signed writing in the registry is the only positive act which can effectively manifest the intention of a surviving wife to waive the provisions of the

will of her deceased husband.  It would be reading something into the statute to substitute, for the statutory filing in the registry, delivery of the signed writing to counsel.

There is little significance in the fact that the signed writing filed in the registry is referred to in some of the cases as "evidence."  See *Atherton* v. *Corliss*, 101 Mass. 40, 46; *Shelton* v. *Sears*, 187 Mass. 455, 459.  Of course the writing signed and filed is "evidence," but also the signing and filing constitute the positive act of waiver. Intention to waive not manifested by a positive act cannot give rise to legal rights.  And a conclusion different from that here reached is not required by the fact that a waiver of the provisions of the will is necessary to preserve the rights of the surviving wife to her common law dower. Such rights are adequately protected by the construction given to the statute in *Atherton* v. *Corliss*, 101 Mass. 40, permitting a filing of the signed writing before the will is probated.  Nor does the case of *Whelan* v. *McNally*, 277 Mass. 391, support the proposition that signing a writing waiving the provisions of a will without filing the signed writing in the registry constitutes an effective waiver.

It follows that in this case there was no effective waiver of the provisions of the will when the surviving wife delivered the writing signed by her to her counsel.  Moreover, since the right of waiver is purely a personal privilege and not a property right it can be exercised only by the surviving wife.  *Sherman* v. *Newton*, 6 Gray, 307.  *Jones* v. *Maguire*, 221 Mass. 315.  And such steps in exercising that right as properly may be delegated to another person to perform as her agent cannot be performed by such person after her death has put an end to the agency.  This is such a case.  The authority of counsel for Wilhelmina Solby to file the writing signed by her ceased when, by reason of her death, she could no longer exercise her personal privilege.  Consequently no effective waiver resulted from the filing by him.

The situation in this case is unlike that where a deed is delivered in escrow and the grantor dies before it is delivered to the grantee.  See *Daggett* v. *Simonds*, 173 Mass.

340.   It is more nearly comparable with the situation considered in *Erickson* v. *White,* 288 Mass. 451.   Cases in other jurisdictions are of little assistance in view of the differences in the governing statutes.   *Church* v. *McLaren,* 85 Wis. 122, however, is in accord with the conclusion here reached.   So far as *McGrath* v. *McGrath's Administrators,* 38 Ala. 246, and *Georgetown National Bank* v. *Ford,* 215 Ky. 472 — cases reaching an opposite result — are not to be explained by the terms of the statutes therein considered we are not disposed to follow them.

*Decree affirmed.*