Rose Levine *vs.* Herbert J. Finkelstein & others, executors and trustees.

Suffolk.    November 9, 1942. — December 1, 1942.

Present: Field, C.J., Donahue, Qua, Cox, & Ronan, JJ.

*Devise and Legacy,* Construction of particular phrase.

A clause in a will, directing payment of a certain sum to a niece of the testator "on the occasion of her marriage if such marriage will take place within five years after my decease and will be approved by" certain persons, did not entitle the niece to payment where it appeared that she was married during the testator's life after the making of the will, although the marriage was approved by him.

Petition, filed in the Probate Court for the county of Suffolk on August 20, 1941.

The case was heard by *Mahoney,* J.

*J. L. Yesley,* (*A. B. Lourie* with him,) for the respondents.
*H. C. Freedman,* for the petitioner.

Field, C.J.    Samuel Finkelstein, late of Boston, died February 16, 1940, leaving a will executed January 23, 1930, which was duly allowed. By article 4 of the will he

gave various legacies, including a legacy of $1,000 to his niece Rose Leavitt. By article 5 of the will he gave the residue of his estate to trustees for certain purposes, among them, by clause 4, "To pay to my said niece Rose Leavitt the sum of one thousand dollars in addition to the bequest hereinbefore provided on the occasion of her marriage if such marriage will take place within five years after my decease and will be approved by my son in law Jacob B. Pelton and my said son Isadore A. Finkelstein or the survivor of them, or in case both of them shall have previously deceased then upon the approval of any two of my children."

Rose Levine, formerly Rose Leavitt, brought this petition in the Probate Court, against the executors and trustees under the will of the testator, to compel them to pay to her the sum of $1,000 referred to in clause 4 of article 5 of the will, with interest. The case was heard upon the petition and answer and an "agreed statement of facts." A decree was entered ordering the respondents to pay to the petitioner the sum of $1,000 with interest, and the respondents appealed to this court.

The parties agreed upon the following facts: "The petitioner, a niece of the testator, lived with the testator from March 1923 to the date of her marriage on January 10, 1933 to one Herman E. Levine, her parents having deceased. The petitioner is now living with the said Herman E. Levine her husband. The testator was present at the wedding of the petitioner on January 10, 1933, approved of it and the expenses of the petitioner's wedding and a wedding gift to the petitioner consisting of a bedroom set altogether costing about six hundred dollars, were paid for by the testator and two of his sons. There are sufficient assets in the hands of the respondents as trustees to pay the said legacy provided in clause 4 of Article 5 of the will." The legacy given to the petitioner by article 4 of the will has been paid to her.

The decree of the Probate Court was based upon an erroneous interpretation of clause 4 of article 5 of the will. That clause provided for a payment to the petitioner "on the occasion of her marriage." We think that the language

of the will discloses an intention on the part of the testator to provide for a gift to his niece in the nature of a wedding gift, that his dominant intention, as so disclosed, was that the $1,000 should be paid to his niece "on the occasion of her marriage," subject, however, to the limitations that the marriage "take place within five years after my decease" and that such marriage be approved by the persons referred to in the clause. The "occasion" is not merely a condition of the gift. It is the time fixed for its payment. And obviously, since the testator had not then died, it was not within the power of the executors and trustees to make the payment at that time.

Doubtless the phrase "within five years after my decease" in some circumstances might properly be interpreted as meaning not later than five years after his decease and as not excluding time before his decease, though ordinarily the exclusion of such time would be more natural. See *Atherton* v. *Corliss*, 101 Mass. 40, 44–45; *Young* v. *The Orpheus*, 119 Mass. 179, 185. And a condition that the marriage be approved by designated representatives of the testator in some circumstances might be treated as met or waived by his own approval in his lifetime. See *Clarke* v. *Berkeley*, 2 Vern. 720; *Wheeler* v. *Warner*, 1 Sim. & Stu. 304; *Parnell* v. *Lyon*, 1 V. & B. 479; *In re Park*, [1910] 2 Ch. 322; *Tweedale* v. *Tweedale*, 7 Ch. D. 633. It is at least conceivable that, if the gift to the niece of the testator had been made merely upon condition that she be married within five years after his decease with the approval of his designated representatives, the language of such gift might be so interpreted that the facts of the present case would constitute compliance with or waiver of the condition — though, of course, we do not decide that wholly imaginary case. But the terms of the gift actually made are materially different. The emphasis of the testator in the clause now under consideration upon the "occasion" for the payment of $1,000 given thereby — the marriage of the niece — and the absence from the will as a whole of any indication of a general scheme for the disposition of the testator's property of which such a payment would

naturally be a part, even if the niece's marriage took place during the testator's lifetime, seem to us to preclude such an interpretation. And the record discloses no circumstances known to the testator at the time he executed the will that tend to support such an interpretation. The words of clause 4 of article 5 are to be given their natural meaning as directing the trustees under the will to make a wedding gift to the testator's niece on the "occasion" of her marriage — if the other prescribed conditions are complied with — not to make a gift to her independent of such an "occasion" merely because during the testator's lifetime she had been married to a person approved by him. In many, if not all, of the cases relied on by the petitioner in support of a different interpretation, there were aids to such an interpretation in the general scheme of the will or in the circumstances known to the testator when he executed it such as are not found in the present case.

*Decree reversed.*
*Petition dismissed.*