E. PATRICIA BUNCH ET AL. *v.* DELBERT R. DICK,
PERS. REP. OF THE ESTATE OF ERNEST
DELBERT DICK

[No. 84, September Term, 1979.]

*Decided March 27, 1980.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*George E. Krouse* for appellants.

*William Blanton McDanald* for appellee.

C OLE, J., delivered the opinion of the Court.

In this case we are asked to decide whether an election by a surviving spouse to take a statutory share from the estate of a deceased spouse is effective where such election is filed after the death of the surviving spouse.

This dispute arose in the Orphans' Court for Montgomery County on exceptions filed by the daughters of Grace B. Dick to the first and final account of the estate of Ernest Delbert Dick. The orphans' court filed an order overruling the exception to the account from which an appeal was noted to the Court of Special Appeals. Prior to proceedings in that court this Court on its own motion issued a writ of certiorari to the Court of Special Appeals.

The facts are undisputed. Ernest Delbert Dick died on July 25, 1977 survived by his wife, Grace, and two sons from a previous marriage, R. Elden Dick and Delbert R. Dick, the personal representative. Ernest executed a will leaving a life estate in the family home to his widow and the residue of his estate to his son, Delbert. On September 9, 1977, the widow, Grace, signed a sworn document entitled "Election To Take Intestate Share." The final two sentences of the document provide as follows:

> Therefore it is my desire to renounce the will and receive as soon as is practical a widow's share of my late husband's total estate.

> I am placing my signature on this request, having it duly notarized and I am leaving it in the good hands of my daughters, E. Patricia Bunch and Marjorie B. Beuhler, to execute should I be unable to do so myself.

Consonant with the concluding sentence, the document was entrusted to her daughter Marjorie Buehler. On September 29, 1977 Grace Bell Dick died. On that date the instrument was yet in the hands of the daughter and had not been filed.

Subsequently, the writing was delivered to counsel who filed it on November 28, 1977.

The lower court concluded that "a timely exercise of the right of election to take an intestate share of her late husband's estate was not made by Grace Bell Dick." The effect of that ruling was to exclude the estate of Grace from participating in the estate of Ernest because Grace's original interest was a mere life estate which was extinguished upon her death.

The appellants, daughters of Grace, contend that an election to take a statutory share is valid where it is signed by the surviving spouse and acknowledged so long as it is filed within the statutory period [1] notwithstanding the intervening death of the surviving spouse. Appellants argue that the right of election is complete when the renunciation is reduced to writing and delivered to another person to perform the manual task of filing. The appellee, personal representative of the estate of Ernest, maintains that to be valid, a document purporting to be an election to take an intestate share must be filed prior to the death of the surviving spouse.

The answer to the question raised in this appeal is found in Maryland Code (1974) §§ 3-204 and 3-207 of the Estates and Trusts Article. Section 3-204 provides in pertinent part:

> The right of election of the surviving spouse is personal to him. It is not transferable and cannot be exercised subsequent to his death.

Section 3-207 (a) provides:

> An election to take an intestate share of an estate of a decedent shall be in writing and signed by the surviving spouse or other person entitled to make

1. Maryland Code (1974), § 3-206 of the Estates and Trusts Article provides in part:

> The election by a surviving spouse to take his elective share shall be made not later than 30 days after the expiration of the time for filing claims.

There is no contention that the election was not filed within this period.

the election pursuant to § 3-204, and shall be filed in the court in which the personal representative of the decedent was appointed.

It is clear that under § 3-207 three elements are required to occur before a valid election can be made. There must be a writing renouncing under the will, signed by the surviving spouse and filed in the court which appointed the personal representative of the decedent. Here, the parties agree that Grace executed a proper instrument and that she died prior to its being filed. The appellants contend that the act of filing is only ministerial and the failure to file during the lifetime of the surviving spouse should not invalidate Grace's election. However, our reading of the statute makes it clear that a signed but unfiled document is not an election; it is the filing of the writing which gives it force and effect.

The appellant's retort is that the document was filed, though after her death, by her representative. The short answer to this is that § 3-204 dictates that the right of election is personal, non-transferable and may not be exercised after the death of the electing spouse. Therefore, a document which at the time of death of the surviving spouse does not constitute an election cannot become an election thereafter, even though filed within the statutory period described in § 3-206. Here even if we regard the appellants as agents of the surviving spouse, such agency terminated when the surviving spouse died.

While this Court has not addressed the specific issue presented, other courts which have addressed the issue are in accord with our decision. *Friedman v. Andrews,* 293 Mass. 566, 200 N.E. 575 (1936); *In Re Banks' Will,* 31 N.Y.S.2d 652 (Sur. Ct. 1941); *In Re Coffin's Estate,* 152 Misc. 619, 273 N.Y.S. 974 (Sur. Ct. 1934); *In Re Gunyon's Estate,* 85 Wis. 122, 55 N.W. 152 (1893).

In *In Re Banks Will,* the court said

The right sought to be enforced is conferred by statute and in derogation of the common-law right of every testator to make a free disposition of his

worldly goods. One seeking to avail herself of such right must comply with the plain conditions imposed by the legislature.

\* \* \*

The right thus conferred being personal, the acts prescribed must be performed by the spouse herself or her duly authorized agent or attorney in fact *during her lifetime.* It is elementary, of course, that an agency or a power of attorney not coupled with an interest terminates on death; any acts thereafter performed by such agent or attorney in fact would be unauthorized and ineffective. It follows, therefore, that the failure of the surviving spouse or her agent to complete *during her lifetime* any one of the essential steps prescribed by the statute must result in denying her estate the statutory benefits thus conferred. [31 N.Y.S.2d at 655 (emphases in original)].

We hold, therefore, that a written renunciation signed by the surviving spouse but not filed during her lifetime in the court which appointed the personal representative of the testator is ineffective to constitute an act of election under the statute.

For the foregoing reasons, we affirm the judgment of the Orphans' Court for Montgomery County.

*Judgment affirmed, appellants to pay the costs.*