110 Mich. App. 672 (1981)
313 N.W.2d 182
In re BREWINGTON ESTATE.
(MILLER v. THAYER).
Docket No. 54262.
Michigan Court of Appeals.
Decided October 21, 1981.
Joseph F. Chiesa, for the estate of Nola I. Brewington.
James A. Marcus, for appellees.
Before: J.H. GILLIS, P.J., and BASHARA and K.N. SANBORN,[*] JJ.
K.N. SANBORN, J.
This is an appeal from an order of the Sanilac County Probate Court determining title to certain real estate on the basis of the validity of a disclaimer.
Thelma Thayer Brewington died testate on August 19, 1974. By the terms of her will, she devised one half of her estate to her sister-in-law, Nola Ilene Brewington, and the other one half to be divided equally among Milton Thayer, John Thayer, and David Thayer. At the time of her death, Thelma Thayer Brewington was the owner of the premises in question, which property, located in Delaware Township, Sanilac County, Michigan, together with certain other property, was a part of the estate probated in the Sanilac County Probate Court with Milton Thayer serving as executor.
On June 19, 1975, Francis and Geraldine Crowley purchased the Delaware Township property on *674 land contract from the estate of Thelma Thayer Brewington. On October 7, 1975, Nola Ilene Brewington paid the inheritance tax on her inheritance. On November 22, 1976, the Sanilac County Probate Court entered an order assigning one half of the residue of the Thelma Thayer Brewington estate to Nola Ilene Brewington.
On December 10, 1976, Nola Ilene Brewington's receipt for her one-half share of the residue of the Thelma Thayer Brewington estate was filed with the Sanilac County Probate Court. By the terms of the receipt, Nola Ilene Brewington acknowledged the receipt of $21,279.23, "less inheritance tax", as well as the one-half interest in the land contract with the Crowleys. The Thelma Thayer Brewington estate was closed late in 1976, and, for the next two years, Nola Ilene Brewington was paid one half of the Crowleys' monthly payment on the land contract for the Delaware Township premises.
During 1974 and 1975, Nola Ilene Brewington sent two letters to Milton Thayer and his wife, expressing her intention to leave her share of Thelma's estate to John, David, and Milton Thayer. Attached to one of the letters was a will wherein she expressed her intention to give that property to the Thayer brothers. On November 2, 1976, more than 26 months after the death of Thelma Thayer Brewington, Nola Ilene Brewington signed and returned to Milton Thayer a purported disclaimer of her interest in the estate of Thelma Thayer Brewington. Milton Thayer had the disclaimer prepared at his direction. The disclaimer was never filed with the probate court, although it was filed with the Sanilac County Register of Deeds on June 16, 1980, about 70 months after the death of Thelma Thayer Brewington.
*675 On October 21, 1976, Nola Ilene Brewington executed a second will. This will makes no mention of any interest which she acquired from the Thelma Thayer Brewington estate. Nola Ilene Brewington died on December 16, 1978, and her second will is being probated in the Sanilac County Probate Court.
During the spring of 1980, the Crowleys discovered that Nola Ilene Brewington had died, that she had signed a purported disclaimer renouncing any interest she acquired in the estate of Thelma Thayer Brewington, and that in reliance on the disclaimer Milton, John, and David Thayer were claiming to be owners of the one-half interest in the premises which had been assigned to Nola Ilene Brewington. The Crowleys became concerned that the Thayers' claim could be a cloud upon the record title and filed a petition with the probate court to determine whether Nola Ilene Brewington's estate or the Thayers were entitled to the one-half interest.
The probate court, after hearing, rendered its opinion, holding that the disclaimer was valid and enforceable even though it was neither filed with the probate court nor recorded with the county register of deeds within the ten-month period required by the Michigan right of disclaimer act, MCL 554.501 et seq.; MSA 26.1236(1) et seq. The court found that the disclaimer's untimeliness under the act did not invalidate it, reasoning that the limitation was set for the purpose of determining federal estate and Michigan inheritance taxes and not for otherwise invalidating an intended disclaimer of property. The court concluded that as a result of the disclaimer the one-half interest in the land contract belonged to the Thayers rather than to the estate. The estate representative appealed from that order to this Court as of right.
*676 The right of disclaimer act, MCL 554.501 et seq.; MSA 26.1236(1) et seq., provides the following method for disclaiming an interest in a testator's property:
"SEC. 1. An heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary under a testamentary instrument or person designated to take pursuant to a power of appointment exercised by a testamentary instrument may disclaim in whole or in part the succession to any property, real or personal, or interest therein by filing a written instrument within the time and at the place hereinafter provided. The instrument shall describe the property or part thereof or interest therein disclaimed, be signed and acknowledged by the disclaimant in the manner provided for the execution of deeds of real estate and declare the disclaimer and the extent thereof."
The act then sets forth the following requirements for effectuating a valid disclaimer:
"SEC. 2. (1) The disclaimer instrument shall be filed within 10 months after the death of the decedent or the donee of the power, or if the taker of the property or interest is not then finally ascertained or his interest has not become indefeasibly fixed both in quality and in quantity, then not later than 10 months after the event when the taker has become finally ascertained and his interest has become indefeasibly fixed both in quality and in quantity.
"(2) The place of filing the instrument shall be the court in which the estate of the decedent or the donee of the power is administered or if there is no administration within 10 months after the death of the decedent or donee, then in the county provided by law as the place of probate or administration of the estate of the decedent or donee. If an interest in real estate is disclaimed a copy of the disclaimer also shall be recorded in the office of the register of deeds in the county in which the real estate lies."
*677 Prior to the effective date of this act in 1972, a right to disclaim existed, but in order to be effective the disclaimer had to be (1) intended and (2) made within a reasonable time. See In re DeBancourt's Estate, 279 Mich 518, 529; 272 NW 891 (1937).
The right of disclaimer act clearly requires that the disclaimer "shall" be filed with the probate court and, in the case in which an interest in real estate is disclaimed, with the register of deeds within the ten-month time period set forth in the act. Generally, unless other considerations compel a contrary conclusion, the use of the word "shall" means that the statute is mandatory. King v Director, Midland County Dep't of Social Services, 73 Mich App 253, 259; 251 NW2d 270 (1977), Southfield Twp v Drainage Board for Twelve Towns Relief Drains, 357 Mich 59; 97 NW2d 821 (1959).
Nola Ilene Brewington did not execute her disclaimer until almost 27 months subsequent to the death of Thelma Thayer Brewington. The disclaimer was not recorded with the register of deeds until after 70 months had passed and was never filed with the probate court.
The execution of the disclaimer by Nola Ilene Brewington within ten months from the entry of the order assigning residue by the probate court in the estate of Thelma Thayer Brewington is not sufficient to meet the express requirements of the act. Nola's interest did not become "finally ascertained and indefeasibly fixed both in quality and quantity" within the meaning of the act until the entry of the order assigning residue. Such provisions in the act do not apply as they refer to a future interest or a present interest subject to divestment. See Boehm, Disclaimer Act Authorizing Renunciation of Share in Deceased Estate in *678 Probate Court: A Study Discussion, 18 Michigan Probate Review 1, 17-18 (No 3, 1974). In addition, the act requires a timely filing and recording.
Appellees argue that the requirements of the right of disclaimer act should not defeat Nola Ilene Brewington's intention. Several courts have held disclaimers invalid despite strong evidence of an intent to disclaim, where the disclaimers do not meet the statutory prerequisites. Brodhag v United States, 319 F Supp 747 (SD W Va, 1970), Bunch v Dick, 287 Md 358; 412 A2d 405 (1980). In Brodhag, supra, 751, the Court noted that West Virginia has provided for a statutory disclaimer of gifts under wills so long as the disclaimer was made within two months from the date on which the will is admitted to probate. The Court found invalid a disclaimer which "was not filed until some 14 months later, seemingly well beyond the period allowed by statute". Id. In Bunch, supra, 361, the Court found ineffective a written renunciation of a will signed by a surviving spouse but not filed during her lifetime in the probate court, as required by a Maryland statute. The Court observed:
"It is clear that under § 3-207 three elements are required to occur before a valid election can be made. There must be a writing renouncing under the will, signed by the surviving spouse and filed in the court which appointed the personal representative of the decedent. Here, the parties agree that Grace [Bell Dick] executed a proper instrument and that she died prior to its being filed. The appellants contend that the act of filing is only ministerial and the failure to file during the lifetime of the surviving spouse should not invalidate Grace's election. However, our reading of the statute makes it clear that a signed but unfiled document is not an election; it is the filing of the writing which gives it force and effect."
*679 In both Broadhag and Bunch, there was a strong, if not undisputed, evidence of an intention to disclaim the property in question. In each case, however, the issue of intention did not even figure into the Court's analysis. Failure to comply with the statutory requirements was fatal to the validity of the purported disclaimer. Similarly, it is the opinion of this Court that the issue of Nola Ilene Brewington's intent to disclaim is not a pertinent consideration under the terms of the Michigan act.
The sole stated purpose of the act is "to provide the right of disclaimer". The adoption of the act eliminated the complexities and uncertainties of a case-by-case approach and has substituted a clear and simple ten-month filing and recording requirement designed to establish with certainty the time and methods by which one can disclaim a devise. The statutory right to disclaim a legacy, like the statutory right of a surviving spouse to elect to take an intestate's share, is in derogation of the common-law right of every testator to make a free disposition of his worldly goods. In re Banks' Will, 31 NYS2d 652 (Sur Ct, 1941). If Nola Ilene Brewington sought to avail herself of the right to disclaim her legacy, she had to comply with the conditions imposed on that right by the legislation. Her signed but unfiled and untimely recorded document was not an effective disclaimer, as it is the timely filing of the document which gives it the force and effect.
The probate court erred in upholding the validity of the disclaimer and its determination of the title of the property in question as a result.
Reversed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.