No. 81-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

MICHAEL C. PREZEAU,

Plaintiff and Respondent,

vs.

THE CITY OF WHITEFISH,

Defendant and Appellant.

_____

Appeal from:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead
              Honorable James M. Salansky, Judge presiding.

Counsel of Record:

    For Appellant:

        Fisher and Erickson, Whitefish, Montana
        Leif B. Erickson argued, Whitefish, Montana

    For Respondent:

        Michael C. Prezeau, Pro Se, argued, Kalispell, Montana

                        . . . . . . . . . .

                        _____

                        Submitted:  March 30, 1982

                        Decided:

JUN 21 1982
Filed:

_____
                           Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The City of Whitefish appeals a judgment entered in the Eleventh Judicial District enjoining the City from constructing or authorizing the construction of an indoor rifle range in Baker Avenue Park until the project is approved by a majority of the voters of Whitefish in a special election.

In 1909, the Whitefish Townsite Company conveyed to the City a parcel of land which later became part of Baker Avenue Park. The deed conveying the property contains the following language:

> ". . . Also subject to the condition that the said property is to be used exclusively for public park purposes, by the said Town, and in case the same is not so used, it will revert to the grantor hereof. . ."

The District Court found that the Whitefish Townsite Company no longer exists, that its successors in interest are unknown, and that there has been no waiver of the restrictions contained in the deed.

Baker Avenue Park is located within the Whitefish city limits and is used for outdoor park purposes including tennis and a playground for children.

The Whitefish Rifle and Pistol Club, Junior Division, Inc. (hereafter referred to as Rifle Club), is a private, non-profit corporation which was established in Whitefish in about 1932.

On March 2, 1981, the Whitefish City Counsel authorized construction of an indoor rifle range on a portion of Baker Avenue Park. At the same council meeting the City affirmed an undated, written lease agreement between the City and the Rifle Club. The agreement provides that the City will lease the rifle range, upon completion of construction, to the Rifle Club for a five year period with an option to renew

the lease at the end of that period. Under the agreement the City is to provide the site for the rifle range and contribute $10,000 toward construction of the building. The County of Flathead, which is also a party to the agreement, is also to contribute $10,000. The agreement provides that "the Rifle Club is willing to furnish and pay the balance of the cost of construction of such a building if they can lease the same for the use of their members and the public." The agreement also states "[t]hat all real property used for the purpose herein mentioned and the improvements placed thereon shall be owned and belong to the City and be public property." The Rifle Club is to maintain the premises, pay for utilities, and carry insurance on behalf of the City. In order to defray these expenses the agreement allows the Rifle Club to charge the public and club members a "reasonable use fee." Finally, the agreement provides that the Rifle Club shall operate the facility "in a manner commensurate with its status as a municipal rifle range."

The District Court found that the range would be used primarily during the winter with some summer use possible. Use of the range is not predicated upon membership in the Rifle Club but a $5 use fee is contemplated for nonmembers. The public would be allowed use of the premises possibly one night per week with membership leagues having priority. Cost of membership is anticipated to be about $20 per year plus a small usage fee.

The dimensions of the proposed building are 50 feet by 88 feet. A nearby parking lot will measure 60 feet by 72 feet.

The City presents two issues:

1.  Whether the City of Whitefish must receive voter approval in a special election before leasing Baker Avenue Park to the Rifle Club.

2.  Whether an indoor rifle range constitutes a "public park purpose."

We affirm the District Court's ruling on the first issue. We hold that the second issue is not properly before this Court.

Section 7-8-4201(2)(b), MCA, controls the first issue. That statute provides in pertinent part:

> "Disposal or lease of municipal property
> . . . If the property is held in trust for
> a specific purpose, the sale or lease thereof
> must be approved by a majority vote of the electors
> of the municipality voting at an election called
> for that purpose. . ."

The District Court's order enjoining construction of the rifle range is based upon this statute.

The City argues that the District Court's order constitutes a failure to abide by this Court's interpretation of the statute in Colwell v. City of Great Falls (1945), 117 Mont. 126, 157 P.2d 1013. In Colwell, we stated:

> "Sec. 5039.61 [R.C.M. 1935, as amended by Ch.
> 35 of Laws of 1937--now section 7-8-4201,
> MCA], supra, was designed to permit the cities
> and towns of this state, with the approval of a
> majority vote of their taxpayers, to sell or lease
> their property which was held in trust for a
> specific purpose, in abrogation of, or in
> substantial interference with the use of the
> property for such specific purpose." (Emphasis
> added.) 117 Mont. at 146, 157 P.2d at 1022.

The District Court did not conclude that the rifle range would be in abrogation of or in substantial interference with a public park purpose. Instead, it concluded that the range "may be incompatible" with a public park purpose. The statute, as construed in Colwell, requires a finding that the proposed rifle range be in abrogation of or in substantial interference with a public park purpose. The City

-4-

argues, therefore, that because no such finding was made in the present case, an election is not necessary.

Section 7-8-4201(2)(b), MCA, is relatively clear. It requires an election to approve the sale or lease of municipal property that is held in trust for specific purposes. Neither party disputes that Baker Avenue Park is "property held in trust for a specific purpose." It follows, therefore, that before the property is leased to the Rifle Club, a majority of the electors of the City of Whitefish must approve the lease thereof.

By our holding in this case we overrule Colwell, supra, and Hames v. City of Polson (1950), 123 Mont. 469, 215 P.2d 950, to the extent that they conflict with this opinion and the clear language of section 7-8-4201(2)(b), MCA. Our research indicates that these are the only Montana cases construing the statute since its enactment in 1921. The statute commands that the sale or lease of municipal property held in trust for a specific purpose must be approved in an election called for that purpose. The statute does not state that an election is required only if the sale or lease is in abrogation of or in substantial interference with the specific trust purpose.

The City has asked this Court to decide whether the proposed rifle range constitutes a "public park purpose" as the phrase is used in the reversion clause of the 1909 conveyance. Technically, this question will not be ripe for decision until the lease is approved in an election. At that time, the question must be faced in resolving the ownership of the property under the reversion clause. It has no bearing on the primary issue in this appeal, that issue being whether

-5-

an election must be held. Furthermore, the District Court has not made a final judgment on this issue. It concluded only that the leasing and contemplated use of the park "may be incompatible" with a public park purpose.

Affirmed.

_John L. Shehy_
Justice

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_Jim R. Minions_

_Daniel J. Shea_

_Frank D. Haswell_
Justices

_Gordon R. Bennett_
Hon. Gordon Bennett, District
Judge, Sitting for Mr. Chief
Justice Frank I. Haswell, who
deems himself disqualified