No. 90-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

**FILED**

IN THE MATTER OF THE ESTATE OF
ROBERT D. GRIFFIN, Deceased.

JUN - 4 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. Richard Orizotti; Poore, Roth & Robinson; Butte,
Montana

For Respondent:

David A. Grauman; Jardine & Grauman; Whitehall,
Montana
W. William Leaphart; Leaphart Law Firm, Helena,
Montana
John K. Hencz; Clancy, Montana, pro se

Submitted on Briefs: April 25, 1991

Decided: June 4, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This case involves the resolution of an entitlement to part of an estate (auto parts business) on a motion for summary judgment. The decedent's son, Barry Griffin, appeals the order of the Montana Fifth Judicial District Court, Jefferson County, granting summary judgment to the decedent's surviving spouse, Jeri Griffin. The District Court held that the surviving spouse's renunciation of her interest in the estate and an agreement between the surviving spouse and son, purporting to transfer her daughter's interest to the son, were null and void. We affirm.

The issues on appeal are:

(1) Did the District Court err in determining the "Disclaimer" signed by the surviving spouse and renouncing any and all right and interest in the decedent's auto parts business was void as a matter of law?

(2) Did the District Court err in determining that an agreement between the surviving spouse and the son, whereby the surviving spouse purportedly sold her minor daughter's interest in the decedent's auto parts business, was void as a matter of law?

The undisputed facts in this case are as follows. In April of 1985, the decedent and Jeri Griffin (the surviving spouse) were married. At the time of the marriage the decedent had two adult children, Lori Hencz and appellant Barry Griffin (the son). The surviving spouse had a minor child, Angela, whom the decedent adopted. In the spring of 1986, the surviving spouse and minor

2

daughter left the decedent and moved to Oregon.  On November 28, 1987, the decedent died intestate.

On January 11, 1989, the surviving spouse entered into a purported agreement with the son on behalf of her minor daughter. Under this agreement, the son would acquire the minor daughter's interest in decedent's auto parts business in exchange for payments totalling $16,000.00 to be made by the son to a trust set up for the minor daughter.  On the same date, the surviving spouse signed an instrument entitled "Disclaimer" purporting to ". . . relinquish, renounce and disclaim any and all rights . . . in and to Magicland Sales and Service. . . ."  "Magicland" is the auto parts business.  In the "Disclaimer", the surviving spouse requested that her share in the business be distributed to decedent's son, who currently operated the business.  She retained possession of the "Disclaimer."

On May 11, 1988, the surviving spouse signed an instrument entitled "Renunciation of Disclaimer" purporting to ". . . irrevocably cancel, revoke, rescind and withdraw the Disclaimer executed by her on January 11, 1988. . . ."  On December 28, 1988, the surviving spouse simultaneously filed both the purported "Disclaimer" and the "Renunciation of Disclaimer" in the estate proceeding.

The surviving spouse alleges that over the several months after being appointed as personal representative of the estate she learned that the decedent's business was worth significantly more than the amount she had considered when she signed the purported

agreement regarding her daughter's interest in the estate and the purported disclaimer. The son argues that she had knowledge of Magicland's worth due to her involvement in the business and that it was her agent, a real estate broker, who valued the business at the time the instruments were executed, pursuant to her direction. He further alleges on appeal that genuine issues of material fact exist regarding her knowledge of the business's worth at the time the instruments were executed and whether she ratified the agreement regarding her daughter's interest.

## I. Renunciation of Succession

The effect of the "Disclaimer" executed by Jeri Griffin is governed by § 72-2-101, MCA, entitled "Renunciation of succession." The statute allows an individual to renounce his or her right to succession by filing a written renunciation (a) describing the property or interest renounced; (b) signed by the person renouncing; and (c) declaring the renunciation and the extent thereof. Section 72-2-101(1), MCA. Unless the transferor (decedent here) of the interest has otherwise provided, the property or interest renounced devolves as though the person renouncing had predeceased the decedent. Section 72-2-101(4), MCA. The parties do not argue, nor will we determine, the effect of subsection (4) of the statute on the purported "Disclaimer" in favor of the son in this case. Rather, our decision here is based on the filing requirements of the statute.

In particular, the statute provides that "[i]f the circumstances that establish the right of a person to renounce an

4

interest arise as a result of the death of an individual, the instrument must also be filed in the court of the county where proceedings concerning the decedent's estate are pending or where they would be pending if commenced." Section 72-2-101(3), MCA. The plain language of the statute requires that the disclaimer be filed, thus filing of the disclaimer is a condition precedent to an effective renunciation. See e.g. Matter of Estate of Griffin (Okla. 1979), 599 P.2d 402, 406; Matter of Estate of Brewington (1981), 110 Mich.App. 672, 313 N.W.2d 182, 186. Furthermore, there can be no waiver of a right to succession where there is no intent to waive. Faught v. Estate of Faught (Tenn. 1987), 730 S.W.2d 323, 326. Here the "Disclaimer" of the surviving spouse's interest was filed simultaneously with the second instrument "cancel[ing], revok[ing], rescind[ing], and withdraw[ing]" the renunciation. Thus, at the time the alleged "Disclaimer" was to be given legal effect the surviving spouse did not intend to renounce her interest. We hold that the District Court correctly concluded that the "Disclaimer" was void as a matter of law. Thus, any factual issue concerning the surviving spouse's knowledge of the value of the decedent's business is rendered immaterial for purposes of summary judgment. See Rule 56(c), M.R.Civ.P.; Frigon v. Morrison-Maierle, Inc. (1988), 233 Mont. 113, 117, 760 P.2d 57, 60; Cerek v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511.


II.  Agreement Conveying Minor's Interest


5

The second issue is whether the District Court erred in determining that an agreement between the surviving spouse and the son, whereby the surviving spouse purportedly sold her daughter's interest in the decedent's business, was void as a matter of law. The appellant concedes on appeal that at the time the agreement was entered into on January 11, 1988, the surviving spouse had not yet been appointed as conservator for the minor child and thus was without legal authority to act for her minor daughter. The appellant argues that after the surviving spouse was appointed conservator on January 28, 1988, she took no action to notify the appellant of her change in position that she would not perform the agreement and that genuine issues of material fact exist as to whether her passive conduct amounts to a ratification of the earlier agreement.

We disagree. The parties never entered a valid contract in this case. The agreement was not a voidable contract enforceable at the will of the innocent party. See e.g. Greater Iowa Corp. v. McLendon (8th Cir. 1967), 378 F.2d 783, 792. Rather, because the surviving spouse had no authority to enter the contract on behalf of her minor child, the agreement was void at it's inception. See e.g. Belgrade State Bank v. Swanson (1977), 172 Mont. 350, 359, 564 P.2d 174, 179. Furthermore, " [a] void contract is no contract at all; it binds no one and is a mere nullity. * * * It requires no disaffirmance to avoid it . . . " Hames v. City of Polson (1950), 123 Mont. 469, 484, 215 P.2d 950, 958; overruled on other grounds in Prezeau v. City of Whitefish (1982), 198 Mont. 416, 420, 646

P.2d 1186, 1189. "A void contract is one which never had any legal existence or effect, and it cannot in any manner have life breathed into it." National Union Indemnity Co. v. Bruce Bros., Inc. (Ariz. 1934), 38 P.2d 648, 652. See also, generally Restatement (Second) of Contracts § 7, comment a; § 163, comment c; § 174, comment b. The contract here is void, hence there can be no material fact issue concerning its ratification.

We hold that the District Court correctly concluded that both the "Disclaimer" and the agreement purporting to convey the minor's interest are void. These determinations being purely questions of law, summary judgment was appropriate. See Rule 56(c), M.R.Civ.P; Frigon, 760 P.2d at 60; Cerek, 637 P.2d at 511. The order of the District Court is

**AFFIRMED.**

_____
                    Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
          Justices

7