## DeTemple Estate

*William H. Markus,* for petitioner.
*Louis T. Katusin,* for objectors.
*Fred C. Houston, Jr.,* for guardian.

RAHAUSER, J., July 21, 1970.—This matter relates to the right of a guardian of the estate of an incompetent wife to take against the will of a deceased husband whose estate is administered in both Pennsylvania and Missouri, where the election to take against the will was duly filed in Missouri but not in Pennsylvania.

Valentine DeTemple died a resident of St. Charles, Mo., October 19, 1967. On October 27, 1967, his will was probated in the Register of Wills Office of Allegheny County, and the Union National Bank of Pittsburgh qualified as an executor. Also, on November 7, 1967, the Public Administrator of St. Charles County, Mo., filed, in the Probate Court of St. Charles County, Mo., his action to take charge of the estate of Valentine DeTemple, deceased.

On November 22, 1967, application for probate was filed by the Union National Bank of Pittsburgh in the Probate Court of St. Charles County, Mo., The letters

of administration were granted to William C. Goellner, Public Administrator, of the Estate of Valentine DeTemple.

On February 13, 1968, the Probate Court of St. Charles County, Mo., duly authenticated a copy of the last will and testament of Valentine DeTemple, which was admitted to probate in that county.

Dora DeTemple, the surviving spouse of decedent, Valentine DeTemple, was adjudicated an incompetent by the Probate Court of St. Charles County, Mo., on December 26, 1967, and an individual, Alma Mueller, was appointed her guardian; and on September 13, 1968, within one year of the death of Valentine DeTemple, the Probate Court of St. Charles County, Mo., authorized Alma Mueller to file an election to take against the will of Valentine DeTemple. No election to take against the will of Valentine DeTemple was ever filed by the guardian of Dora DeTemple in the Orphans' Court of Allegheny County, Pa.

The authorization of the Probate Court of St. Charles County, Mo., was forwarded to counsel for the Union National Bank of Pittsburgh, on September 27, 1968, this, likewise, being within the year period of the date of death of Valentine DeTemple.

There are assets of Valentine DeTemple at this date located at St. Charles, Mo., Pittsburgh, Pa., and Youngstown, Ohio.

The question for adjudication is whether these assets are bound by the record of the Court of St. Charles, Mo., permitting the guardian of the estate of Dora DeTemple, Alma Mueller, to take against the will of Valentine DeTemple.

Mrs. Dora DeTemple is alive and residing in St. Charles, Mo.

The petition was filed by the Union National Bank of Pittsburgh, asking the court to direct the executor

of the estate of Valentine DeTemple, the Union National Bank of Pittsburgh, to recognize the election to take against the will filed in St. Charles, Mo. An order was made by this court directing a citation returnable January 5, 1970, for all parties to show cause why the petition should not be granted.

An answer was filed alleging that the year period required by the State of Pennsylvania did not permit the court here to recognize the decree of the court of St. Charles, Mo., authorizing the filing of an election to take against the will of Valentine DeTemple.

The first question arises concerning the probate of the will of decedent and the provision of the Pennsylvania statute requiring the election to take against the will of the husband to be filed within one year of the date of death of the deceased husband.

The Register of Wills Act of June 28, 1951, P. L. 638, provides that a decedent's will may be probated within the Commonwealth if he is domiciled, or, if he has no domicile, his will may be probated in the county where his property is located. 20 PS §1840.301 provides:

"Place of probate

"The will of a decedent domiciled in the Commonwealth at the time of his death shall be probated only before the register of the county where the decedent had his last family or principal residence. If the decedent had no domicile in the Commonwealth, his will may be probated before the register of any county where any of his property is located. 1951, June 28, P. L. 638, art. III, §301."

The record is clear that Valentine DeTemple had property in Allegheny County and that his will is properly probated here in this county. The personal assets in the bank over which the Union National Bank will have to account to this court total $23,714.86, according to the inventory presently filed.

The next question arises relative to the time for filing an election to take against the will of decedent.

Is the widow's right to the property located here in Pennsylvania governed by the law of Pennsylvania or the law of Missouri, the domicile of decedent?

There is no question that the record fully indicates that decedent was domiciled in Missouri, and the right to probate his will here is based not upon his domicile here but upon the fact that he had assets and property located here.

Mr. Philip Brégy, in his work on Intestates, Wills and Estates Acts of 1947, on page 5873, states:

"The general rule is that the rights of a surviving spouse in a decedent's personalty are determined by the law of the decedent's domicil at his death. . . ."

The record is clear that as to the State of Missouri the election of the spouse to take against the will of her husband was properly filed.

The proof of the requisite for election to take against a will was offered at the time of trial and the court followed the case of Bank of America National Trust & Savings Assn. v. Sunseri, 311 Pa. 114, where the rule was set up as follows:

". . . What the statutes of a sister state are is a question of fact, and the statute itself, as printed in the authorized pamphlet laws of the state, are the best evidence of that fact. Hence the place in the pamphlet laws should be given and the language of the statute should be quoted. If the meaning of the statute is doubtful, and there is a decision of the court of last resort in the state clarifying the situation, it should be cited. These two matters being capable of exact determination, the opinions even of lawyers regarding them is inadmissible. *If the subject had related to the common law of the state, not to be found in its pamphlet laws, a statement to that effect might let in the opinion of*

*lawyers of the state,* but here the averments relate to the 'Statutory Law of California,' and the Supreme Court's construction thereof, and to them only." (Italics supplied.)

The statute of the State of Missouri relative to the right of a spouse to file an election to take against the will of a decedent is as follows:

"474-160. Election by surviving spouse to take against will, effect.

"When a married person dies testate as to any part of his estate, a right of election is given to the surviving spouse solely under the limitations and conditions herein stated:

"(1) The surviving spouse, upon election to take against the will, shall receive in addition to exempt property and the allowance under section 474.260 one-half of the estate, subject to the payment of claims, if there are no lineal descendants of the testator; or, if there are lineal descendants of the testator, the surviving spouse shall receive one-third of the estate, subject to the payment of claims;

"(2) When a surviving spouse elects to take against the will he shall be deemed to take by descent, as a modified share, such part of the estate as comes to him under the provisions of this section, and shall take nothing under the will;

"(3) Whenever there is an effective election to take against a will which provides for benefits to accrue upon the death of the surviving spouse, the election has the same effect as to the benefits as if the surviving spouse had predeceased the testator, unless the will otherwise provides.

"2. The rights of the surviving spouse under this section are not given in lieu of the homestead allowance under section 474.290, but any homestead allowance made to the surviving spouse shall be offset against

the share taken under this section. As amended Laws 1957, p. 829, §1."

"474.180 Time for making election

"The election by a surviving spouse to take the share herein provided may be made at any time within ten days after the expiration of the time limited for contesting the will of decedent, except that if, at the expiration of the period for making the election, litigation is pending to test the validity or to determine the effect or construction of the will, or to determine the existence of issue surviving the decedent, or to determine any other matter of law or fact which would affect the amount of the share to be received by the surviving spouse, the right of the surviving spouse to make an election shall not be barred until the expiration of ninety days after the final determination of the litigation. As amended Laws 1957, p. 829, §1."

Valentine DeTemple had no children. He was survived only by his wife. We believe that the guardian of the estate of Dora DeTemple is entitled to one-half of the assets here, as well as one-half of the assets in Missouri.

There is no question that this court must take judicial notice of the statutes of Missouri: 28 PS §291, provides as follows:

"Judicial notice

"Every court of this State shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States. 1939, May 4, P. L. 42, No. 36, §1."

In Matter of Clark, 21 N. Y. 2d 478, is a case similar to the one at bar. In that case, the testator, domiciled in Virginia, died survived by his widow and no issue. The bulk of his $23,000,000 estate consisted of securities on deposit in a New York bank. Testator's will

included a preresidual marital trust and a statement that "testamentary disposition therein shall be construed, regulated and determined by the laws of the State of New York." New York and Virginia executors proceeded with bi-state administration. The widow, who continued to reside in Virginia, elected to take against the will and claimed one-half of the net estate on the theory that Virginia law should be recognized in the New York administration. Under the New York law, the widow could not elect to take against the will because of adequate trust provisions made for her in the will. The election was, however, valid in Virginia. At page 489, the court said:

"In sum, Virginia's overwhelming interest in the protection of surviving spouses domciled there demands that we apply its law to give the widow in this case the right of election provided for her under that law. We find nothing in section 47 of the Decedent Estate Law or in the public policy of New York which would permit a decedent, by a mere expression of intent, to change this result."

A decree will be drawn authorizing Alma Mueller, guardian of the estate of Dora DeTemple, to receive one-half of the probate estate administered in the State of Pennsylvania.

## ORDER

And now, to wit, July 21, 1970, the petition having been presented to this court to determine whether the assets of the above estate in Pennsylvania are subject to the election to take against the will of Valentine DeTemple, deceased, filed in the Probate Court of St. Charles County, Mo., at Estate No. 2726, the sixteenth day of September, 1968, it is ordered, adjudged and decreed that the prayer of the petition is granted and that the election to take against the will filed in the

Probate Court of St. Charles County, Mo., at Estate No. 2726 on September 16, 1968, is valid in the State of Pennsylvania.

It is further ordered, adjudged and decreed that one-half of the property administered in the estate shall be decreed to the guardian of the estate of Dora DeTemple, an incompetent.