467 A.2d 857

In the ESTATE OF Hazel SEASONGOOD, Deceased. Appeal of Helen REDDY, Lillian Reddy and Dr. William E. Kelly, Jr., Executor of the Estate of Mary Kelly.

Superior Court of Pennsylvania.

Argued May 31, 1983.

Filed Nov. 4, 1983.

566

F. Emmet Ciccone, Philadelphia, submitted a brief on behalf of appellants.

Arthur E. Newbold, IV, Philadelphia, for Bank, participating party.

Charles E. Donohue, Philadelphia, for Commonwealth, participating party.

Before ROWLEY, WIEAND and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal from the final decree of the Court of Common Pleas of Montgomery County, Orphans' Court Division, en banc, dated August 30, 1982, which dismissed appellant's exceptions, confirmed the executor's account, and ordered distribution of the estate in accordance with the account.

Hazel Seasongood died on July 3, 1980 leaving a will, dated December 16, 1976, which left her entire estate to the American Cancer Society. The Will was probated by the Register of Wills of Montgomery County on July 16, 1980 and letters testamentary were granted to Girard Bank, the executor named in the Will. No Caveats were filed nor appeal taken from the probate of the Will or grant of letters. Girard Bank administered the estate and filed its account and statement of proposed distribution with the Register of Wills on February 17, 1982. The audit of the account was scheduled for April 5, 1982. On April 2, 1982 appellants [1] filed objections to the account and statement of proposed distribution. Appellants alleged that Hazel Seasongood was of unsound mind and lacked testamentary capacity at the time of the making of the Will; that the Will was the result of fraud and undue influence by the scrivener and his assistant; and that the signature on the Will was a forgery. Appellant averred that they were the sole-surviving cousins and heirs-at-law of Hazel Seasongood and therefore, the Will being invalid, they were entitled to the estate under the intestate laws. In addition, as a result of the care they provided for her, the appellants claimed

1. The original objectors were Helen Reddy, Lillian Reddy, and Mary Kelly. On appeal Mary Kelly has been replaced by Dr. William E. Kelly, Jr., Executor of the Estate of Mary Kelly.

that Hazel Seasongood promised to make a will leaving them all of her property. Because of the filing of the exceptions, the audit of the account was continued.

On April 26, 1982 Girard Bank, as executor, filed a petition to dismiss the objections. A pre-trial conference was held in the Chambers of the Honorable Alfred L. Taxis, Jr. on April 27, 1982. At that time, argument on the matter was scheduled for May 28, 1982. On May 19, 1982 appellants filed a petition to obtain discovery regarding the allegations of undue influence and lack of testamentary capacity. Judge Taxis notified the parties that he would hear argument on the petition for discovery at the argument scheduled for May 28, 1982. At the argument on May 28, 1982 appellants, requested but were denied leave to amend their petition for discovery to include a request for discovery on the allegation of forgery. On June 8, 1982 Judge Taxis dismissed the appellants objections and denied their petition for discovery on the grounds that the appellants lacked standing to contest the Will and had failed to file a timely appeal from the probate of the Will. Appellants filed exceptions which were denied by a final decree of the Court en banc on August 30, 1983. This appeal followed.

The Orphans' Court properly held that the appellants lacked standing to contest the Will and correctly dismissed the appellants' objections alleging, undue influence, lack of testamentary capacity, and forgery and denied the related petition for discovery. At the pre-trial conference on April 27, 1982 Judge Taxis directed counsel for the appellants to be prepared to demonstrate to the court at the argument the relationship of the appellants to the decedent. However, at the argument, appellants were unable to support their allegation of standing with any facts. Furthermore, appellants now concede in their brief on appeal that they do not have standing under the intestate statute. (Brief for appellant at page 11). A party is aggrieved and therefore has standing when the party is directly and adversely affected by a judgment, decree or order and has

some pecuniary interest which is thereby injuriously affected. *See In re Estate of Atlee*, 406 Pa. 528, 178 A.2d 722 (1962). In the instant case, since the appellants concede that they could not take under the intestate statute if the Will was declared invalid, they have no pecuniary interest which would be adversely affected by a determination that the Will was valid and thus they have no standing to contest the Will. The Orphans' Court therefore properly denied appellants' objections and petition for discovery regarding the allegations of undue influence, lack of testamentary capacity and forgery.[2]

However, the Orphans' Court did not address appellants' claim that Hazel Seasongood promised to make a will in their favor.[3] Breach of a contract to make a will does not prevent the probate of the will but only affects the distribution of the estate. *Way Estate*, 379 Pa. 421, 109 A.2d 164 (1954); *Norris's Estate*, 329 Pa. 483, 198 A. 142 (1938); *In re Vanston's Estate*, 26 D & C 2d 555, 12 Fiduciary 246, 63 Lack.Jur. 37 (1962). Thus, the appellants as claimants under the alleged contract to make a will would be adversely affected by the distribution of the estate in accordance with the account and therefore have

2. The Orphans' Court also held that appellants failed to file a timely appeal from the probate of the Will. Appeal from the probate of a will is governed by 20 Pa.C.S.A. section 908(a) which provides in pertinent part, "Any party in interest who is aggrieved by a decree of the register ... may appeal therefrom to the court within one year of the decree[.]" The Will in the instant case was probated by the Register of Wills on July 16, 1980 and the appellants' objections were not filed until more than one year and eight months later on April 2, 1982. However, because we hold that the Orphans' Court properly held that the appellants did not have standing to contest the Will, it is not necessary for us to address the timeliness of appellants' objections raising undue influence, lack of testamentary capacity, and forgery.

3. In regards to the timeliness of appellants' objections relating to the alleged contract to make a will we note that, "An order which admits a will to probate is not an adjudication of the validity of a contract to make a different will[.]" Page on Wills, section 26.143 at 335 (footnote omitted). Further, "A statute which regulates the time in which contest [of a will] may be brought should have no application to a suit upon a contract to make a will." *Id.* section 26.10 at 23 (footnote omitted). Thus, the timeliness of appellants' claim of a contract to make a will is not affected by 20 Pa.C.S.A. 908(a).

570

standing to object to the distribution. This standing under the alleged contract is uneffected by the appellants' lack of standing as heirs-at-law. While the executor countered the appellants' allegations of a contract to make a will with affidavits, there was no evidentiary hearing and the court below made no finding of fact on this claim. We therefore must remand for an evidentiary hearing on appellants' claim of a contract to make a will.

Affirmed in part, reversed in part and remanded for proceeding in accordance with this Opinion. We do not retain jurisdiction of this matter.