HERRON, J.,
Background
Albert R. Beal, Sr.[1] died on July 17, 2013. Prior to his death, he had executed a will dated June 16, 2011 leaving the residue of his estate in equal shares to his four children: Albert Beal, Bryan Beal, Nell Beal and Helene Beal. He named his daughter, Nell Beal (presently, West), as executrix. His will left nothing to his “long-separated” wife, Ann Beal, who had filed a divorce action against him. While grounds for divorce were approved by the court on July 25, 2007, no final divorce decree had been entered at the time of Albert Sr.’s death.[2]
Albert had been an attorney licensed in Pennsylvania and had owned a home in Philadelphia for nearly thirty years. Of his four children, three resided in Pennsylvania at the time of his death.[3] Following his separation from his wife, Albert Sr. continued to live in Philadelphia in *511 an apartment complex on Johnson Street in Germantown.[4] A daughter, Helene, lived nearby for roughly nine years.[5] Around 2008, Albert Sr. was diagnosed with Alzheimer’s Disease as well as cardiovascular problems. At this point, his daughter Nell, who lived in Annapolis, Maryland, began traveling frequently to Philadelphia to see him. In the Spring of 2010, Albert suffered a leg wound that would not heal and Nell traveled to Philadelphia numerous times to care for him. After an operation followed by rehab, Nell decided to take her father to Maryland in August 2010 so that she could more easily care for him as he underwent further rehabilitation. None of her other siblings had been able to care for their father in Pennsylvania and assisted living facilities were deemed too expensive.[6] After he was taken to Maryland, Albert Sr. never returned to Philadelphia. His daughter Helene testified that she was greatly relieved when her father went to Maryland because her sister, Nell, took very good care of him while he resided in a cottage close to Nell’s house.[7] She conceded, however, that she never visited him once he left Philadelphia for Annapolis. Albert Sr.’s wife, Ann, knew that Albert Sr. had been moved to Annapolis but she did not know when. She communicated with him only by phone and wrote to him “once or twice.”[8]
Throughout his stay in Maryland, it was his daughter, Nell, who cared for Albert Sr. She arranged for him to stay in a cottage near her home and made sure he had a monitor *512 at all times because he was a fall risk. She managed his medications, prepared his meals, took him to the doctors, cleaned his house, did his laundry, bathed and dressed him. After 2011 or 2012, she took care of his financial affairs and retained the accountant who prepared his tax returns.[9]
Albert Beal died in Maryland on July 17, 2013. Seven days after Albert Sr.’s death, his wife Ann’s attorney sent a letter to Nell demanding that as executrix she file a copy of Mr. Beal’s will with the Register of Wills for Anne Arundel County in Maryland. In response, Nell, who was unrepresented by counsel at that point, filed the will in Anne Arundel County. The will was subsequently transferred to Philadelphia.[10] On December 2, 2013, the Philadelphia Register of Wills granted letters testamentary to Nell.
On January 28, 2014 Ann Beal filed an appeal of the decree of the Philadelphia Register of Wills, asserting that the will should be revoked and transferred to the Register of Wills of Anne Arundel County, Maryland for probate because Albert Sr. had been domiciled in Maryland at the time of his death. Nell responded by filing preliminary objections asserting that the appeal should be dismissed because Ann Beal, though admittedly still married to Albert Sr. at the time of his death, lacked standing to bring this appeal because she had no interest in her husband’s estate by virtue of 20 Pa.C.S. §2106(a), which provides:
Forfeiture
*513 Spouse’s share. —
(1) A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.
(2) A spouse shall have no right or interest under this chapter in the real or personal estate of the other spouse if:
(i) the other spouse dies domiciled in this Commonwealth during the course of divorce proceedings;
(ii) no decree of divorce has been entered pursuant to 23 Pa.C.S. §3323 (relating to decree of court), and
(iii) grounds have been established as provided in 23 Pa.C.S.A. §3323(g).
As the executrix emphasized, Ann had not been named as a beneficiary under her husband’s will and under 20 Pa.C.S. §2106(a) she did not qualify as an intestate heir.[11] Ann countered that she did have standing in this appeal if, as she contended, her husband died a domiciliary of Anne Arundel county in Maryland because under Maryland law she would be able to take an elective share against her deceased husband’s estate. She conceded that this option was not available to her in Pennsylvania because by seeking a divorce and having the grounds established by court, she *514 had forfeited her right to claim an elective share of Albert Sr.’s estate if he died a domiciliary in Pennsylvania under 20 Pa.C.S.A. §2203(c).[12] She argued, however, that Albert Sr. had died a domiciliary of Maryland; therefore, under Pennsylvania law her right to elect would be determined by Maryland law as set forth in section 2202 of the PEF code which provides that under such a scenario, Maryland law would apply:
§ 2202. Right of election; nonresident decedent
When a married person not domiciled in this Commonwealth dies, the rights, if any, of his surviving spouse to an elective share in property in this Commonwealth are governed by the law of the decedent ⅛ domicile at death, but the rights of the electing spouse shall be subject to the rights of fiduciaries, custodians and obligors within this Commonwealth and transferees for value of and holders of liens for value on real estate or tangible personal property located in this Commonwealth under section 2211 (relating to determination of effect of election; enforcement).
20 Pa.C.S.A. §2202
In contrast to Pennsylvania, Ann contends, “Maryland law does not provide that if ground have been established [for divorce] that the surviving spouse may not take an *515 elective share against the decedent’s estate.”[13] To support this argument, she invoked one section of the Maryland Code, Estate and Trusts, Section 3-203(b)[14] which merely provides:
§3-203. Election by spouse of share of net estate
Election of one-third share of net estate
(b) Instead of property left to the surviving spouse by will, the surviving spouse may elect to take a one-third share of the net estate if there is also a surviving issue, or a one-half share of the net estate if there is no surviving issue.
MD. Code, Estates and Trusts, §3-203(b).
Based on this argument that Ann could assert an elective share against Albert Sr.’s will if he died a domiciliary of Anne Arundel County, Maryland, this court overruled the preliminary objections and scheduled a hearing to resolve the dispute over Albert Sr.’s domicile at the time of his death. In retrospect, however, the scheduling of the hearing was premature because the issue of Ann’s right to claim an elective share against the will under Maryland law had not been fully resolved.
As in Pennsylvania, a spouse’s right to claim an elective share of her deceased husband’s estate in Maryland is bound by specific time limits.[15] Section 3-206 of the *516 Maryland Trust and Estate Code provides:
Deadline for election
(a)(1) The election of a surviving spouse to take an elective share shall be made within the later of:
(1) Nine months after the date of the decedent’s death; or
(ii) Six months after the first appointment of a personal representative under a will.
(2)(i) Within the period for making an election, the surviving spouse may file with the court a petition for an extension of time, with a copy given to the personal representative.
(ii) For good cause shown, the court may extend the time for election for a period not to exceed three months of at a time.
MD Code, Estates and Trusts, § 3-206.
Albert Sr. died on July 17, 2013. Letters testamentary were granted to Nell Beal West on December 2, 2013. Nowhere is there any record that Ann Beal either filed an election or sought an extension for making such an election. Since Albert Beal Sr.’s will had initially been filed in Maryland in response to a letter by Ann Beal’s attorney, there would have been ample opportunity to make an initial filing in Maryland. While the Maryland statute allows for extensions of time to file an election, that extension must be sought prior to the expiration of “the period originally prescribed or extended by a previous order.” Downes v. Downes, 388 Md. 561, 572, *517 880 A.2d 343 (Md.Ct. Appeals 2005). The Downes court unequivocally concluded that a court has no discretion to grant an untimely extension. It emphasized: “an untimely request for extension must be denied. There is no other option.” Downes, 388 Md. at 576, 880 A.2d at 352. In so ruling, it explained that “there has been no retreat from the principle that the ability to renounce a Will in favor of a statutory share is to be strictly construed (see Bunch v. Dick, supra, 287 Md. 358,412 A.2d 405), and the law still favors the expeditious administration and early settlement of Estates.” Downes. 388 Md. at 578, 888 A.2d 353
Legal Analysis
Under section 908 of the PEF code an appeal from a decree of the Register of Wills may be brought by a party who has been “aggrieved” by the register’s decree: “Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree.” 20 Pa.C.S. § 908(a). To establish that she is aggrieved by a register’s decree, and therefore has standing to proceed with an appeal, a party must show that she “is directly and adversely affected by a judgment, decree or order and has some pecuniary interest which is thereby injuriously affected.” Estate of Seasongood, 320 Pa. Super. 565, 569, 467 A.2d 857, 859 (Pa. Super. 1983). Merely having a relationship with a decedent does not suffice to establish standing to contest his will. Estate of Luoneo, 2003 Pa. Super. 17, 823 A.2d 942, 956 (Pa. Super. 2003), app. denied, 577 Pa. 722, 847 A.2d 1287 (Pa. 2003). In the Estate of Seasongood, for instance, the court concluded that the appellants lacked standing to *518 challenge a will where they would not have qualified as intestate heirs if the will they challenged had been deemed invalid.[16] On the other hand, where a widow challenging a will presented for probate a later will under which she would have taken more, she had standing to contest the first will. Estate of Boland, 99 Pa. Super. 321, 1930 WL 3625 (Pa. Super. 1930). The key point is that a party must “show that his pecuniary interest in the estate is aggrieved by probate of the will at issue.” Estate of Luongo, 2003 Pa. Super. 171, 823 A.2d 942, 956 (Pa. Super. 2003). This is precisely what Ann Beal cannot show.
Under Pennsylvania law, a court may at any time raise sua sponte the issue of standing to appeal from a decree of the register. As the Pennsylvania Superior Court in the Estate of Luoneo explained:
When a statute [i.e. 20 Pa.C.S.A. §908(a)] creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction. Standing then becomes a jurisdictional prerequisite to an action, [and] can be raised at any time, by any party, or by the court sua sponte.
Estate of Luongo, 823 A.2d at 953-54 (quoting Grom v. Burgoon, 448 Pa. Super. 616, 672 A.2d 823, 824(1996).
Likewise, in the Estate of Briskman. 2002 Pa. Super. 287, 808 A.2d 928, 933 (Pa. Super. 2002), the Pennsylvania Superior Court concluded that the appellant had not *519 waived the issue of the contestant’s standing to challenge a will where she failed to raise it in the first instance before the Orphans’ Court. Because the appellate court concluded that the niece challenging a 1993 will lacked standing to bring this challenge since she had no pecuniary interest in the decedent’s estate due to the existence of a prior will under which she was not a beneficiary, the appellate court concluded it need not address the various other issues raised by the appellant on appeal. The issue of standing was thus dispositive.
Likewise, in this case the issue of Ann Beal’s standing to challenge the Register of Wills decree probating her husband’s will in Philadelphia and granting letters testamentary to Nell Beal West must be addressed, albeit in the context of Albert Sr.’s domicile at the time of his death. This issue was first — and only — raised when Nell Beal West filed preliminary objections to Ann Beal’s appeal that sought (1) to strike the decree admitting her husband’s will to probate in Philadelphia and (2) to transfer the will to the Register of Wills of Anne Arundel County. Nell questioned Ann Beal’s pecuniary interest in the estate. Ann countered that she would elect against Albert Sr.’s will under Maryland law. Ann conceded that under Pennsylvania law she lacks standing to elect against Albert Sr.’s will because she had filed for divorce and grounds had been established.[17] This is due to 20 Pa.C.S.A. §2203 (c) which explicitly excludes from the right to elect against a decedent’s estate “in the event a married person domiciled in this Commonwealth dies during the course of divorce proceedings, no decree of divorce has been *520 entered pursuant to 23 Pa.C.S. §3323 and grounds have been established as provide in 23 Pa.C.S. §3323(g).” 20 Pa.C.S.A. §2203(c). But, she insists, there is another PEF code section — 20 Pa.C.S.A. §2202 — that offers her the right to elect against Albert Sr.’s will if— as she contends — he died a domiciliary of Maryland.[18] The Maryland statute Ann invokes, MD Code, Estates and Trusts, §3-203, does not on its face preclude spouses from seeking an elective share where they have filed for divorce but no final decree has been entered at the time of the deceased spouse’s death. Section 3-203 merely provides that in Maryland: “Instead of property left to the surviving spouse by will, the surviving spouse may elect to take a one-third share of the net estate if there is also a surviving issue, or one-half of the net estate if there is no surviving issue.” MD Code, Estates and Trusts, §3-203(b). In this circuitous route, the Maryland statute would provide standing for Ann Beal’s will contest in Philadelphia when linked with the Pennsylvania statute 20 Pa.C.S.A. §2202[19] if she can establish Albert Sr. died a Maryland domiciliary.
The rub with this sweeping argument is that it does not delve deeply enough into the intricacies of the relevant Maryland statutes. It does not grapple, for instance, with the strict time limits imposed by Maryland statute as to deadlines for filing an election against a decedent’s will. Section 3-206 of the Maryland Estates and Trust statute sets forth unambiguous deadlines:
*521 Deadline for election
(a)(1) The election by a surviving spouse to take an elective share shall be made within the later of:
(i) Nine months after the date of the decedent’s death; or
(ii) Six months after the first appointment of a personal representative under a will.
MD, Code, Estate and Trusts, 3-206(a).
Ann’s claim to standing to challenge Albert Sr.’s will in Pennsylvania therefore hangs on this delicate thread. On further analysis, that thread proves illusory. Ann has failed even to allege that she has, in fact, filed a timely claim for an elective share with any court. While theoretically she had the option to do so in Maryland, especially since Albert Sr.’s will had been originally filed in Maryland, there is no fact on record of Ann having preserved her claim. Recent Maryland precedent, moreover, states unambiguously that extensions to these deadlines are strictly applied and an extension may not be granted unless filed within the initial period or a period of extension. See Downes v Downes, 388 Md. 561, 880 A.2d 343 (Md. Ct. Appeals 2005). The statute of a sister state is a question of fact to which this court must extend judicial notice. DeTemple Estate, 51 Pa. D. & C. 2d 87, 90, 92 (Allegheny Cty. O.C. 1971) (where decedent died a domiciliary of Missouri and his widow filed a timely election against his will in Missouri, a Pennsylvania court is bound by that election). Since Ann has no viable claim under Maryland law, her claim to standing before this court crumbles and disappears.
*522 The hearing held on Ann’s appeal focused primarily on whether Albert Sr. died a domiciliary of Maryland. Ann presented only her own testimony and that of her daughter, Helene. That testimony was unpersuasive in light of the concession by Helene that she had not seen her father during his entire tenure in Maryland though she gratefully acknowledged that her sister, Nell, had taken very good care of him and he was happy. More conclusive were the documents Ann presented at the hearing. Albert Sr.’s will stated, for instance, that Albert Beal, Sr. was “of the county of Anne Arundel, State of Maryland.” Ex. Beal 93-100. Albert Beal Sr.’s tax returns for 2011 indicated a Maryland address and were filed in Maryland; according to Nell Beal West, her father did not file any Pennsylvania taxes that year.[20] Albert Sr. had voted in the 2012 presidential campaign, though he had not voted in any other state or local elections in Maryland, while he had consistently voted in such elections in his prior years in Pennsylvania.[21] His obituary had stated that Albert Sr. was “of Annapolis, formerly of Philadelphia.”[22] On the other hand, Albert Sr. never relinquished his membership to his church in Philadelphia, St. Martins- in- the- Field.[23] Albert Sr. never owned any real estate in Maryland. Instead, he lived in his cottage there with no lease but on a month to month basis.[24] Ultimately, however, the issue of Albert Sr. ’s domicile at the time of his death is not properly before this court in light of Ann Beal’s lack of standing to present a will contest based on the facts of record.[25]
*523 There is, however, one tangential issue that remains. Inherent in Ann Beal’s challenge to the probate of Albert Sr.’s will in Philadelphia is an argument that if he died a domiciliary of Maryland the Philadelphia Register would lack jurisdiction to grant letters testamentary to the executrix under his will. This position is undermined, however, by a key fact that came out at the hearing. At the time of his death, Albert Sr. owned no real property in Maryland. For the last years of his life, he had lived in a cottage near his daughter on a month to month basis. Similarly, he had given up his apartment in Philadelphia three months after he moved to Maryland.[26] According to unrebutted testimony by Nell Beal West, however, Albert Sr. did have property in Pennsylvania that is subject to the ongoing divorce proceedings.[27] Under Pennsylvania law, the presence of decedent’s property in a county provides a basis for granting letters testamentary even where the decedent was not domiciled in Pennsylvania at the time of his death:
Letters testamentary or of administration on the estate of a decedent domiciled in the Commonwealth at the time of his death shall be granted only by the register of the county where the decedent had his last family or principal residence. If the decedent had no such domicile in the Commonwealth, letters testamentary or *524 of administration may be granted by the register of any county wherein property of the estate shall be located and, when granted, shall be exclusive throughout the Commonwealth. 20Pa.C.S.A. § 3151(emphasis added).
Based on the record as a whole, therefore, Ann Beal lacked standing to bring her challenge to the probate of Albert Beal Sr.’s will in Philadelphia. Her appeal is dismissed as set forth in a contemporaneously issued final decree.

. Because many of the parties share the same last name, Beal, for convenience they will be referred to by their first names.

. Ex. Beal 93-100, June 16, 2011 Albert Beal, Sr. Will, Article Fifth. He also specifically did not bequeath anything to his adopted son, Michael Luk. His will further provided as to Ann Beal: “In the event of my death before a final decree in divorce from my long separated wife, ANN M. BEAL, has been entered by the court, I authorize my executor, in her discretion, to make all reasonable and economically justified efforts to retrieve from ANN M. BEAL, all of my personal assets she removed from our marital home and the marital assets which I would have received in an equitable distribution of the marital property in divorce or the value of proceeds from the sale of such assets.” Id. Article Fifth. See also 9/30/14 N.T. at 7 (Ann Beal); 11/13/14 Ann Beal Brief at 2.

. 9/30/14 N.T. at 105 (Nell Beal West).

. 9730/14 N.T. at 9 & 11 (Ann Beal).

. 9/30/14 N.T. at 14 (Helene Beal).

. 9/30/14 N.T. at 121-124,103-04, 36,48-49 (Nell Beal West).

. 9/30/14 N.T. at 17 (Helene Beal).

. 9/30/14 N.T. at 27 (Helene Beal); 9/30/14 N.T. at 10, 12 (Ann Beal).

. 79730/14 N.T at 37-41 (Nell Beal West).

. 9/30/14 N.T. at 53-57 (Nell Beal West).

. See 4/7/14 Nell Beal West Preliminary Objections, Memo of Law at 6.

. 4/17/14 Ann Beal Answer, Memo of Law at 5-6. Section 2203 of the PEF code sets forth the criteria for a spouse’s right of election against the estate of a decedent who dies in Pennsylvania. Section 2203 (c) explicitly states that the right to election “shall not apply in the event a married person domiciled in this Commonwealth dies during the course of divorce proceedings, no decree of divorce has been entered pursuant to 23 Pa.C.S. §3323 and grounds have been provided in 23 Pa.C.S. §3323(g).” 20 Pa.C.S.A. §2203(c).

. 4/17/14 Ann Beal Answer, memo of law at 5.

. See 4/17/14 Ann Beal Answer, memo of law at 5-6.

. In Pennsylvania, “[t]he election must be filed with the clerk before the expiration of six months after the decedent’s death or before the expiration of six months after the date of probate, whichever is later.” 20 Pa.C.S. §2210(b).

. The Seasongood court also concluded that this challenge to the will was untimely, but because appellants lacked standing, it was not necessary to address other issues. Estate of Seasongood, 320 Pa. Super, at 569 n.2, 467 A.2d at 859 n.2.

. 4/17/14 Ann Beal Answer, memorandum at 5.

. 4/17/14 Ann Beal Answer, memorandum at 5-6.

. Section 2202 of the PEF code states: “When a married person not domiciled in the Commonwealth dies, the rights, if any, of his surviving spouse to an elective share in property in this Commonwealth are governed by the laws of the decedent’s domicile at his death.”

. Tex. Beal 81-90. 9/30/14 N.T. at 38-41 (Nell Beal West),

. 9/30/14 N.T. at 68-69 (Nell Beal West).

. Ex. Beal 101-02.

. 9/30/14 N.T. at 106-09 (Nell Beat West).

. 9/30/14 N.T. at 103, 70 (Nell Beal West).

. See, e.g., Estate of Seasoneood, 320 Pa. Super, at 569 n.2, 467 *523 A.2d at 859 n.2 (“because we hold that the Orphans’ court properly held that the appellants did not have standing to contest the will, it is not necessary for us to address the timeliness of appellant’s objection raising undue influence, lack of testamentary capacity and forgery”)’ Estate of Briskman, 808 A.2d at 931 (“Because we conclude the appellee had no standing to contest the will, we do not need to address appellant’s claims”).

. 9/30/14 N.T. at 47, 63, 70, 72,103 (Nell Beal West).

. 9/30/14 N.T. at 101-02 & 64 (Nell Beal West).