# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of William Henry : 
Fillhart No. 32-93-0409 : 
                         :    No. 2534 C.D. 2015
Appeal of: William H. Coyle    :    Submitted: August 5, 2016

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED: October 12, 2016**

In this case involving a grandson's challenge to the handling of his grandfather's estate, William H. Coyle (Objector), representing himself, appeals from orders of the Court of Common Pleas of Indiana County (trial court)[1] dated September 9 and 15, 2015.[2]  The September 9 order confirmed Auditor Jennifer J. Rega's (Auditor) Report and dismissed Objector's objections and exceptions to the First and Final Account of Elizabeth Jane Coyle (Daughter), Executrix of the Estate of William H. Fillhart (Estate).  The September 15, 2015 order dismissed Objector's motion for the production of documents.  Notably, the trial court issued a March 24, 2016 order adopting the Auditor's Report as its Pa. R.A.P. 1925(a) opinion.  Essentially, the trial court adopted Auditor's determination that Objector, as an heir of Daughter/Executrix, who is not deceased, lacked standing to

---

[1] President Judge William J. Martin presided.

[2] By order dated August 2, 2016, this Court precluded Appellee Estate of William F. Fillhart from filing a brief or participating in oral argument based on Appellee's failure to comply with an earlier order requiring the filing of a brief within 14 days.

challenge the confirmation of the First and Final Account of the Estate. For the reasons that follow, we affirm.[3]

In August 2015, Auditor held a hearing at which Objector participated by telephone. See Auditor's Hr'g, Notes of Testimony (N.T.), 8/17/15, at 1-55. In early September 2015, Auditor filed a Report, which included the following facts. William Henry Fillhart (Decedent), of Green Township, Indiana County, PA, died testate in 1993. Objector is Decedent's grandson. Article IV of Decedent's Last Will and Testament provides:

> I give and bequeath unto my grandson, WILLIAM HOWARD COYLE, the sum of Three Thousand and 00/100 ($3,000) Dollars.

Auditor's Report, 9/8/15, Ex. A.

Article VIII of Decedent's Last Will and Testament provides:

> I give devise and bequeath the rest, residue and remainder of my property, real, personal and mixed, unto my daughter, ELIZABETH JANE COYLE, her heirs and assigns; provided, however, that should there not be sufficient funds by which to pay for my funeral from the residue cash of this estate, I then direct that my personal property be sold to such extent as to provide for said funeral costs, the administration of my estate, and

---

[3] Objector asserts, without explanation, that this Court has jurisdiction over his appeal under 42 Pa. C.S. §761(a)(1) and 42 Pa. C.S. §762(a). In light of our previous involvement in this matter, summarized in a memorandum opinion and order in In Re: Estate of William Henry Fillhart, Appeal of William Coyle, (Pa. Cmwlth., No. 2394 C.D. 2014, filed February 19, 2015) (single-judge opinion), we will address Objector's appeal. By order dated March 30, 2015, this Court quashed Objector's appeal at 2394 C.D. 2014 as interlocutory.

2

specifically to provide for the bequest of my grandchildren set forth in the preceding paragraphs.

Id. Auditor noted Objector was not mentioned by name or reference in any other Article of Decedent's Last Will and Testament.

Daughter/Executrix opened the Estate and letters testamentary were granted in October 1993. Objector received the sum of $3,000 either directly or indirectly by virtue of Executrix paying off Objector's debts.

On May 4, 2015, Daughter/Executrix filed a First and Final Account of Decedent's Estate in the Indiana County Register of Wills Office. Six days later, Objector filed objections and exceptions. Auditor summarized the objections as follows:

> (Objection/Exception #1) The Account being falsified and … incomplete due to the alleged refusal of the attorney for the Executrix to provide requested information to the Objector and the denial of multiple Motions to the Court of Common Pleas requesting that the Executrix be compelled to provide said information to Objector;
>
> (Objection/Exception #2) The appearance of fraud and conflicts of interest for both President Judge William J. Martin and Attorney Jay Y. Rubin and the alleged perpetuation of such fraud by the Executrix;
>
> (Objection/Exception #3) Alleged fraudulent conduct of additional persons who received part of the lands, or interests therein, once owned by the Decedent; and
>
> (Objection/Exception #4) The Account being incomplete because not all monies or properties were brought within

> the jurisdiction of Pennsylvania and accounted for in the
> First and Final Account.

Auditor's Report at 1-2.

Ultimately, Auditor determined Objector lacked standing to object or take exceptions to Executrix's First and Final Account of Decedent's Estate. To that end, Auditor observed, Objector received the $3,000 to which he was entitled to receive from the Estate.

Auditor noted a party is aggrieved and therefore has standing to challenge administration of an estate when the party is directly or adversely affected by a judgment, decree or order and has some pecuniary interest which is thereby injured. Estate of Seasongood, 467 A.2d 857 (Pa. Super. 1983) (citing In re Estate of Atlee, 178 A.2d 722 (Pa. 1962)). Here, Auditor determined Objector, an heir of his mother, Daughter/Executrix, who is not deceased, lacked standing to contest the confirmation of the First and Final Account.

To that end, "[h]eirs" are defined as "[t]hose persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." 20 Pa. C.S. §6401. Auditor further noted "'[a]ssigns' are defined as those to whom property is, will or may be assigned." BLACK'S LAW DICTIONARY 119 (6th ed. 1990). Although Article VIII of Decedent's Last Will and Testament refers to Daughter/Executrix, her heirs and assigns, Daughter is neither deceased nor has she assigned any of her interests to Objector. Therefore, Auditor reasoned, Objector had no standing to contest the confirmation of the First and Final Account in this case. Seasongood.

4

As an additional point of clarification, Auditor observed that the main issues Objector raised primarily concerned properties located in Maryland which were held jointly by Decedent and his former wife, Alice Fillhart (Former Wife). Article VII of Decedent's Last Will and Testament, executed in June 1988, provides:

> In the event that my former wife, ALICE FILLHART, predeceases me, I then give and devise the real property, jointly owned by my former wife and myself, as set forth below, unto my daughter, ELIZABETH JANE COYLE, her heirs and assigns:
>
> 1. Double row house – Baltimore, Maryland
>
> 2. House on two (2) lots on Kent Island (Eastern Shore) Maryland

Auditor's Report, 9/8/15, Ex. A.

As Auditor noted, the jointly held Maryland properties would have passed to Former Wife upon Decedent's death in 1993. Auditor's Report at 3. Therefore, upon Former Wife's death in 1994, those properties would have been part of her estate, not that of Decedent. Id. Consequently, any objection to the distribution of Former Wife's Estate was not before the trial court in this matter. Id.

On September 9, 2015, the trial court confirmed Auditor's Report and dismissed Objector's objections and exceptions to the First and Final Account. The trial court's September 15, 2015 order dismissed Objector's motion for the production of documents, filed after the August 2015 hearing, which requested

5

information regarding the Maryland properties Decedent jointly held with Former Wife, and Decedent's gas and oil rights in properties in West Virginia. See Certified Record (C.R.) at Item 59. In dismissing the motion, the trial court cited Objector's lack of standing. Tr. Ct. Order, 9/15/15.

On appeal here, Objector (in his own words) states the following issues:

1. Did the lower court have a legal basis to deny the requests by the appellant for the productions of records and material facts and witness for the estates will process and case?

2. Did the lower court, sequentially, by the county's orders of court, continue to deny the substantial and procedure due process for the appellant's claim before [its] tribunal? and of this; a violations in the due process and protected civil-rights in and for the heir /appellant.

3. Did the lower court cause injury to the (Heir's) appellant rights to access the court, and record, as is found in the lower court[']s repetitious ordered requests for un-known and un-exclaim local court rule; and this, to include the court also failing of its own local rules and code for the interest of party notifications to the heirs and the interests in the estates particulars found in the estates Will.

4. Is the Estates Will of the decedent Wm. Fillhart, and of its effects, and jointly held properties, of a part of the estates will of the decedent's late wife, Alice Marie Fillhart.

5. Did while the court in its willful omitting of the facts and record and found acting in a capricious and vicarious manner, be criminally liable for the results of filing an un-truthful court judiciary proceeding.

6. Has a lawful appeal process been taken by the lower court upon the first instants of the heir's/appeal for a reviewing court for the testament's and Will.

7. Did the lower court relinquish its duty and authority for not processing a heirs inquiry for the will's resolve.

Appellant's Statement of Questions, Appellant's Br. at 5-6.

Despite conscientious attempts to grasp the particulars of the arguments in Objector's uncounseled brief, we are unable to do so. Basically, Objector's arguments consist of long-winded, incoherent accusations of wrongdoing by the trial court, Executrix, her attorney and others involved with the administration of Decedent's Estate. In other words, Objector's brief is little more than "a hotchpotch consisting of 'general rambling discourse' rife with invective, innuendo and insult … and lacking any citation to authority …." See Wicker v. State Civil Serv. Comm'n, 460 A.2d 407, 409 (Pa. Cmwlth. 1983) (citation omitted). Groundless allegations, without analysis or any legal citation to support them, preclude effective appellate review. Commonwealth v. Spontarelli, 791 A.2d 1254 (Pa. Cmwlth. 2002). Further, it is not this Court's role to become Objector's counsel. Id.

Nevertheless, after reviewing Objector's brief and the record in its entirety, we believe Auditor's interpretation of the issues involved in this case best summarizes Objector's tenuous arguments. Essentially, Objector alleges the perpetration of fraud and other improprieties in the handling of Decedent's Estate by the trial court, Executrix, her attorney and additional persons who received interests in property once owned by Decedent. See Auditor's Report at 1-2.

For the following reasons, we find no error in the trial court's confirmation and adoption of Auditor's Report, and dismissal of Objector's objections and exceptions.

First, Auditor properly determined Objector received the amount of money ($3,000) to which he was entitled under Decedent's Last Will and Testament. Decedent left the remainder of his property to Daughter/Executrix. See Auditor's Report, Ex. A. Consequently, Objector had no remaining pecuniary interest in Decedent's Will and therefore lacked standing to contest administration of his grandfather's estate. Seasongood.

In addition, we agree with Auditor that the crux of Objector's appeal concerns properties that passed to Decedent's former wife at the time of Decedent's death. At the hearing, Objector testified Former Wife passed away in October 1994. See N.T. at 13. As Auditor explained at the hearing and in her Report, the probate of Former Wife's Will was not at issue in this case. N.T. at 49; Auditor's Report at 4.

In sum, because Objector received the $3,000 bequest from Decedent, the only property to which he was entitled under Decedent's Last Will and Testament, he was not aggrieved by the First and Final Account and thus lacked standing to challenge it. Seasongood. Further, having no jurisdiction over Former Wife's Will, Auditor properly dismissed Objector's objections and exceptions.

Consequently, we see no error or abuse of discretion in the trial court's orders confirming Auditor's Report, dismissing Objector's objections and exceptions, and dismissing Objector's motion for the production of documents based on Objector's lack of standing.  Accordingly, we affirm.


_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of William Henry     :
Fillhart No. 32-93-0409           :
                                   :   No. 2534 C.D. 2015
Appeal of: William H. Coyle      :

## **O R D E R**

**AND NOW**, this 12th day of October, 2016, for the reasons stated in the foregoing opinion, the orders of the Court of Common Pleas of Indiana County, dated September 9 and 15, 2015, are **AFFIRMED** and William H. Coyle's appeal is **DISMISSED**.

<br>

                         _____
                         ROBERT SIMPSON, Judge